ELLIS T. JONES, AN INFANT, BY JAMES JONES, HER GUARDIAN, RESPONDENT, v. B. DOVE, APPELLANT.

EXECUTION SALE—COLLATERAL ATTACK.—Where a sale is made under an execution which varies from the judgment in certain particulars, either in the amount of the judgment, or in the names of the parties, such variances are treated as irregularities, which are amendable, and in a collateral proceeding such amendments will be considered as actually made.

WILL—MISDESCRIPTION OF LAND DEVISED.—A will which devises land described as the north half of the donation claim of Bartholomew Dove, may be admitted in evidence, to be followed by extrinsic evidence tending to show that the north half of the donation claim of Bethuel Dove was intended to be devised.

LANDLORD AND TENANT.—A tenant is estopped from disputing his landlord's title, and when the relation is once established it attaches to all persons succeeding to the possession of the premises through or under the first tenant.

APPEAL from Benton County.

This is an action of ejectment brought by the respondent against L. C. Perry and John Dove, to recover possession of certain lands in the county of Polk. Perry and John Dove answered that they were holding as tenants under Bethuel Dove, who, upon application therefor, was substituted for them as defendant.

The respondent claimed through an execution sale of the premises in question under an execution which purported to be issued upon a judgment rendered on the second of August, 1858, for four thousand eight hundred and seventy-three dollars and twenty-one cents and costs, amounting to two dollars, against J. B. V. Butler, to Rohrer and the appellant, Dove.

The judgment proved in support of this execution was rendered on the sixth of August, 1858, at a term of court began on the second of that month for four thousand eight hundred and seventy-three dollars and twenty-one cents and costs, in the district court, to the amount of one hundred and five dollars and thirty-eight cents, and costs in the supreme court, amounting to nine dollars and five cents, against the three persons named above, and one Carley.

The purchaser's title at this execution sale passed to one Oliver M. Hurt, from whom the respondent, Ellis T. Jones, claims by devise.

The will of Hurt describes the land devised to Ellis T. Jones as the north half of the donation claim of Bartholomew Dove—the land claimed being the north half of the claim of Bethuel Dove. Parol testimony was admitted to identify the land described in the will as that claimed.

The respondent had judgment, from which this appeal is taken.

The appellants rely upon their objections to the parol testimony to identify the land described in the will, and to the manuscript of the judgment under which the execution sale was had.

*W. W. Thayer and Hill, Durham & Thompson,* for appellant.

*R. S. Strahan and John Burnett,* for respondent.

By the Court, PRIM, J.:

This case was tried by the court without the intervention of a jury. The conclusions of fact and law found by the court are full and complete, and the only questions sought to be reviewed here are the rulings of the court in the admission of evidence offered by the respondent to sustain her title to the land in controversy. Respondent offered a donation certificate from the United States to Bethuel Dove showing compliance by him before 1858 with the donation law in respect to a tract of land in Polk county, and also oral evidence showing that the tract of land donated to Bethuel Dove embraced the demanded premises. To the admission of this evidence no exception was taken, but all of the other evidence offered by respondent was duly excepted to by appellant. But as the appellant has failed to call attention to any of those exceptions except the fourth and ninth, we infer that the others are abandoned and not relied upon here. The first ground of error upon which we are called to pass is the admission of the transcript of the execution issued out of the supreme court of the territory of Oregon, dated November 24, 1858, directed to the sheriff of Polk county, and under which the demanded premises were sold. This transcript was objected to on the ground that it did not appear to be an execution issued upon the judgment introduced; that there were variances between it and the judgment, and that it was void. The fact of variance is conceded. The execution was issued out of the same court in which the judgment was rendered; the parties are the same, with one exception; one of the parties against whom the judgment was rendered is left out of the execution. The amount of the principal judgment is the same, but differs as to the amount of the cost recovered, and there is some slight variance in date. As a matter of course, it must be made to appear that the execution

was issued upon the same judgment introduced in evidence. But, "if from the whole writ, taken in connection with other facts, the court feels assured that. the execution offered in evidence was intended, issued and enforced as an execution upon the judgment shown to the court * * * the writ ought to be received and respected." (Freeman on Executions, sec. 43; *Hunt* v. *Loucks*, 38 Cal. 372.) And the record being silent upon that matter, the court will presume that other facts were shown which satisfied the court that it was issued upon the identical judgment produced in evidence. If the execution was void, the objection to its admission was well taken, and should have been sustained. *Crittenden* v. *Leitensdorfer et al.*, 35 Mo. 239, is cited by appellants as sustaining the proposition that such variances render the sale under the execution void, and passes no title. But we can not regard this case as good authority; it does not appear to be a well-considered case; no authorities are cited, and the weight of authority as well as principle is clearly against any such doctrine. There is a distinction "between executions issued without authority and executions issued under an authority, which is erroneously pursued," while "the former class are void," the latter are "erroneous" and merely voidable. (Freeman on Executions, sec. 43.)

The case of *Lee* v. *Crossan*, 6 Humph. 281, was an action of ejectment, and the title of plaintiff was based upon a sale under an execution and sheriff's deed. The judgment was rendered against three, and the execution had been issued against two only. It was held to be clear upon principle as well as authority, that the execution was "irregular and voidable," but not void. The court said: "If the matter had been properly brought to the notice of the court in due time, and in a proceeding for that purpose, it would. have been quashed and superseded." But it was further held to be equally clear that direct proceedings to correct the variance, not having been taken in time, the sale was. not invalidated by such variance. (*Durham et al.* v. *Heaton*, 28 Ill. 264; *Jackson* v. *Walker*, 4 Wend. 463; 5 John. 100; *Rigg* v. *Cook*, 4 Gilman, 336.)

While a sale is made under an execution which varies from the judgment in some particulars either in the amount of the judgment or the names of the parties, such variances are treated as irregularities which are amendable, and do not render the execution void in a collateral proceeding, and when it appears that the writ is amendable, the amendment will be considered as actually made in all collateral proceedings. (Freeman on Executions, secs. 63, 67, 71, 72.)

We think the execution was properly admitted by the court below.

The next objection is to the admission of the transcript of the probate and will of Oliver M. Hunt. The admission of this transcript was excepted to on the ground that it does not appear on the face of the will that the land devised to the appellant is the land in dispute. By this will the testator devises " unto Ellis Texella Jones and Hattie Jones, children of James and Elizabeth Jones, my real estate situated in Polk county, state of Oregon, being the north half of the donation claim of Bartholomew Dove, and bounded on the north by the land of James Jones and on the south and east by the land of Benjamin Hayden."

In the case of *Hattie Jones* v. *Dove*, 6 Or. 188, this same question was before this court. In that case the court below had ruled that the variance between the names Bartholomew and Bethuel, was such that no evidence could be admitted to show that the intention of the devisor was to devise the north half of the claim of Bethuel Dove, instead of Bartholomew Dove. This is the same will that was before the court at that time. This court reversed the judgment of the court below in that case, holding that the will was admissible, and that extrinsic evidence was admissible to identify the land and to show what particular property was intended to pass or to make certain either the person or thing described. (Wigram on Wills, 142.) We see no good reason why that decision should be overruled. But another question is raised on this appeal which we think determines this action against the appellant.

The court below found as a conclusion of facts in the thirteenth finding, that L. C. Perry, one of the defendants,

sued in this action as being in possession, was put in possession of the demanded premises, by James Jones, the guardian of respondent herein as the tenant of the respondent; that he remained in the possession of said premises as such tenant for about three months, when he delivered the possession of the same to Bethuel Dove, the appellant, who has ever since remained in the possession of the same.

Thus it will be seen that appellant is not in a position to question the title of respondent. The rule is well settled that a tenant is estopped from disputing his landlord's title. And " when the relation of landlord and tenant is once established it attaches to all persons who succeed to the possession of the premises, through or under the first tenant, and they are all as much bound by the covenant and agreement of the original lessee, as though they were their own." (Tyler on Ejectment, 208.)

The judgment of the court below is affirmed.