Argued June 17; affirmed September 15, 1931

## BOOTH *v.* HEBERLIE ET AL.

(2 P. (2d) 1108)

*O. W. Eastham,* of Portland (Niel R. Allen, of Grants Pass, on the brief), for appellant.

*J. N. Johnston,* of Grants Pass, for respondents.

BEAN, C. J. The facts are as follows: On October 31, 1922, D. B. Halberstadt filed a complaint against J. H. Crans in the circuit court of the state of Oregon for Josephine county. An affidavit and undertaking for attachment were filed on that date, which were executed on October 25, 1922. The summons was delivered to the sheriff on October 28, 1922, and the action was properly commenced on October 31, 1922. On December 22 of that year a writ of attachment issued, and on the same date the sheriff filed a certificate of attachment of the real property involved herein. Personal service was made on Crans and on September 23, 1924, defendant Crans made a general appearance by filing a motion to make the complaint more definite and certain. On October 1, 1924, Crans executed and delivered to U. S. Booth a deed covering the real property involved. Halberstadt died on October 13, 1924. On April 16, 1925, Mrs. L. A. Heberlie, as executrix of the last will and testament of Halberstadt, was substituted as plaintiff. On April 7, 1925, the court entered an order overruling the motion of Crans to make more definite and certain and gave the defendant fifteen days to further plead. On April 29, there being no further pleading on the part of the defendant, default judgment was entered against Crans and an order for the sale of the attached property was duly made. Thereafter, January 11, 1926, execution was issued and after due notice the attached real porperty was sold to defendant Mrs. L. A. Heberlie. Afterward the sale was regularly confirmed. A sheriff's deed of the property was issued to Mrs. L. A. Herbelie.

■ Plaintiff contends that the default judgment entered in the attachment suit is void because the court made and entered an order overruling the motion to make more definite and certain after the death of Halberstadt and before the substitution of Mrs. L. A. Heberlie, executrix, as plaintiff. It will be noticed that at the time of the substitution of the executrix in the original suit the defendant Crans had already had several months to prepare an answer, and had ten days after the substitution within which to answer the complaint. He has never answered or offered to answer. In our opinion the judgment was not void or voidable. If for any reason the defendant in that action desired to answer, he should have applied to the court and made a showing when he was entitled to do so. The circuit court held that this matter was a mere irregularity, and we fully concur in that opinion.

■ Plaintiff further contends that the attachment in the case of *Halberstadt v. Crans* was void and to no effect because the summons was placed in the hands of the sheriff prior to the time the complaint was filed, and because the affidavit and undertaking were executed prior to the date on which the complaint was filed with the clerk. This contention is without merit. We cannot see that it would make any difference whether three hours were consumed in preparing the complaint, summons, affidavit and undertaking for attachment, or three days. It would be all one transaction in either case.

■■ Considering the judgment in question as having been entered prematurely, then, as the circuit court had jurisdiction of the parties, it would not be void and could be attacked only by motion in the original case. *Schmid v. City of Portland,* 83 Or. 583 (163 P. 1159);

*Stadelman v. Miner,* 83 Or. 348, 386 (155 P. 708, 163 P. 585, 983); *Altman v. School District,* 35 Or. 85 (56 P. 291, 76 Am. St. Rep. 468). This suit is a collateral attack on the judgment mentioned. A voidable judgment can not be assailed in a collateral attack for mere irregularities, where the court had jurisdiction over the parties and over the subject matter: *Morrill v. Morrill,* 20 Or. 96 (25 P. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95); *Stadelman v. Miner,* supra; *Smith v. Whiting,* 55 Or. 393, 397 (106 P. 791).

The attachment, judgment and execution sale in the case of *Halberstadt v. Crans* are valid and binding, as far as the plaintiff Booth's rights are concerned.

The decree of the circuit court is therefore affirmed.

RAND and ROSSMAN, JJ., concur.

KELLY, J., dissents.