Argued and submitted April 19, 1982, affirmed in part, reversed and
remanded in part February 9, 1983

KENDALL, dba Mel's Equipment Repair,
*Appellant,*
*v.*
SELLES,
*Respondent,*
*v.*
KETCHAM,
*Defendant.*

(79-195-L; CA A21331)

KETCHAM,
*Appellant,*
*v.*
SELLES,
*Respondent.*

(81-653-2; CA A22141)
(Cases Consolidated)

658 P2d 534

Kelly L. Andersen, Central Point, argued the cause and filed the briefs for appellant Melvin B. Kendall.

Robert Thomas, Klamath Falls, argued the cause and filed the brief for appellant Ronald M. Ketcham.

Glenn D. Ramirez, Klamath Falls, argued the cause and filed the briefs for respondent George Selles.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J..

## BUTTLER, P. J.

The question in these two cases, consolidated on appeal, is who, if anybody, won, given the issues presented to the jury and the jury's response to special interrogatories. The three parties dispute their respective rights in certain construction equipment. In *Kendall v. Selles v. Ketcham* Kendall, who allegedly purchased the equipment from Ketcham, brought an action to recover its possession from Selles, and its reasonable rental value for the period during which Selles withheld it. Selles asserted a possessory lien interest for work done on the equipment at the request of Ketcham and caused him to be joined as a defendant. Selles then filed an "Answer and Cross-claim" against Ketcham, who was served by publication of summons advising him that if he failed to appear Selles would take judgment against him for $21,904.94, which is the amount Selles alleged Ketcham owed him before Selles expended $15,268.25 on the equipment. Ketcham did not appear, and Selles obtained a default judgment against him for $37,173.19, plus interest and costs.

Thereafter, the case between Kendall and Selles was tried and submitted to the jury on special interrogatories. The trial court dismissed the complaint based on the jury's responses, apparently on the theory that the jury found that neither party had an interest in the equipment. Kendall appeals from that judgment.

After the verdict but before the judgment was entered in that case, the equipment was sold on execution. Thereupon Ketcham brought an action against Selles to recover the rental value of the equipment for the period during which Selles had possessed it, contending that the result of the prior litigation was that only Ketcham was entitled to the equipment. Ketcham appeals from a judgment dismissing his complaint after Selles' motion for summary judgment was granted on the ground that the rights of all parties with respect to the equipment were settled by the judgment in the earlier case.

With respect to the first case, little would be served by outlining the pleadings, because the case was submitted to the jury, without objection, on theories that were not encompassed by them. It appears that the principal issues

on which the jury was instructed were whether the transfer of the equipment from Ketcham to Kendall was in fraud of creditors,[1] whether Selles had a possessory lien[2] on the equipment, and whether Selles was authorized to use the equipment until the value of his use equalled Ketcham's debt to him. Apparently with those issues in mind, counsel prepared special interrogatories for submission to the jury, which, together with the jury's answers, were:

"1. Does Defendant Selles have a possessory lien? * * * 'No.'

"2. Did Ron Ketcham and Defendant Selles ever agree that Selles could use the equipment until he had recovered all money owing from Ron Ketcham to Defendant Selles? * * * 'No.'

"3. Was Plaintiff Kendall a good faith purchaser for value without notice of the potential claims of Selles? * * * 'No.'

"4. What was the fair market value of the equipment in December, 1978? * * * '16,000.' In April, 1979? * * * '24,000.'

"5. What was the reasonable rental value of the equipment in December, 1978? * * * 'Zero per month.' In April 1979? * * * '$2400 per month.'

"6. Is Plaintiff entitled to reasonable rental compensation from Selles? * * * 'No.' "

■    Both parties claimed victory. Kendall contended that he was entitled to judgment, because once the jury found that Selles did not have a possessory lien and did not have authority to use the equipment until he had recovered the debt Ketcham owed him, there was no basis on which it could find he was not a bona fide purchaser. Although Kendall is correct in that assertion,[3] there was no issue

---

[1] Kendall realized that whether the sale was a fraudulent transfer was an issue in the case, but now contends that "a suit to set aside an alleged fraudulent conveyance is a suit in equity," and "it should never have been submitted to the jury." He has not assigned that as error, however; the question was not raised below.

[2] In his cross-claim against Ketcham, Selles did not seek to foreclose a possessory lien; he sought and obtained a money judgment against him. No contention is made that by so doing he waived any possessory lien he may have had.

[3] Strictly speaking, if Selles had a valid possessory lien, ORS 87.152, it would have had the status of a perfected security interest, ORS 79.3050, and anyone

framed relating to Kendall's status as a bona fide purchaser. Nothwithstanding the interrogatory, the jury was instructed on the question whether he took the equipment from Ketcham in fraud of the latter's creditors, but not on whether Kendall was a bona fide purchaser. The trial court interpreted the jury's response to the third interrogatory as deciding that the transfer to Kendall was in fraud of Selles' claims against Ketcham. Kendall's attorney claimed credit for framing that interrogatory,[4] so he is in no position to complain. We cannot say that the trial court erred in its interpretation of the jury's responses as being against Kendall.[5]

Kendall also argues that he "was entitled to a judgment notwithstanding the verdict," because his motion for a directed verdict should have been granted. An order denying a motion for judgment notwithstanding the verdict

---

purchasing the equipment would take it subject to that interest, regardless of notice.

[4] After the evidence had been presented, each party submitted to the court proposed verdict forms, and there was considerable discussion between counsel and the court regarding the forms. Early in the discussion the court expressed "reservations about whether these verdict forms that have been submitted are going to really settle this dispute."

At the close of the discussion, concerning the form of verdict, Selles' attorney stated:

"I believe that the parties have agreed upon a form of verdict, Your Honor, and this has been one that was prepared by [Kendall's attorney] * * *."

Kendall's attorney then stated:

"The only comment I would make, Your Honor, and I'm not — I was largely responsible for the preparation of this verdict form * * *."

Nevertheless, in his brief, Kendall states that he did not understand that the question of a fraudulent transfer was going to the jury. The court clearly instructed the jury on the issue, without objection.

[5] Even if the jury's verdict may be interpreted as leaving unanswered whether the sale from Ketcham to plaintiff was valid, the trial court implicitly found that it was not by virtue of its judgment. ORCP 61B provides, in relevant part:

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. * * * If in [submitting the questions to the jury] the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires such party demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

is not reviewable. In any event, Kendall has not set out any motion for a directed verdict on the issues he now argues; he refers us only to his motion for a directed verdict on defendant's "lien" or "pledge" theories, but the jury decided those issues in his favor.

In his second assignment, Kendall contends that the trial court should have granted his motion for a new trial on the ground that the jury's answers to the first and second interrogatories were inconsistent with its answer to the sixth interrogatory. ORCP 61C. In light of our determination of Kendall's first assignment, the verdict was not inconsistent.

In his third assignment, Kendall contends that the trial court "erred in granting defendant Selles default judgment against Ketcham, and further erred in failing to set aside the default judgment." Even assuming Kendall has standing to complain of that error, he has not set forth in his assignment any motion raising those questions, and we will not consider them. ORAP 7.19.

The fourth assignment of error is moot. The fifth contends that the court erred in failing to give certain requested jury instructions. We cannot tell from this record whether the only one that might have been error to refuse was prejudicial. The other objections are insubstantial. We affirm the judgment dismissing Kendall's complaint.

■ In the second case, in which Ketcham sought to recover from Selles the rental value of the equipment from April 5, 1979, to the time of the sheriff's sale, we conclude that the court erred in granting Selles' motion for summary judgment on the ground that the rights of all parties with respect to the equipment were resolved in the earlier case. The prior case established, by default judgment, that Ketcham was indebted to Selles for $37,173.19, and, by trial, that neither Kendall nor Selles had any rights in the equipment. Those determinations must mean that Ketcham remained the owner. However, the prior case did not establish whether Ketcham was entitled to rental from Selles for his use of the equipment up to the time of the sheriff's sale. There are genuine issues of material fact in that case, and the trial court erred in granting Selles' motion for summary judgment.

*Kendall v. Selles v. Ketcham* (CA A21331) is affirmed. *Ketcham v. Selles* (CA A22141) is reversed and remanded.