Argued and submitted June 4, affirmed July 2, 1985

# JEFFERSON STATE BANK,
*Respondent on Review,*

*v.*

# WELCH et al,
*Petitioners on Review.*

(CC 82-2505-J-3; CA A28600; SC S31337)

702 P2d 414

Richard B. Thierolf, Jr., of Jacobson, Jewett & Thierolf, P.C., Ashland, argued the cause for petitioners on review. With him on the petition was Walter D. Nunley, Medford.

Patrick G. Huycke, of Robertson, Huycke & Cauvin, Medford, argued the cause and filed a response to the petition for respondent on review.

Fredric R. Merrill, Northwestern School of Law, of Lewis and Clark College, Portland, and Frank R. Lacy, University of Oregon Law School, Eugene, filed a brief *amici curiae.*

JONES, J.

## JONES, J.

The defendants appeal from the decision of the Court of Appeals which held that the trial court erred in allowing the defendants' motion for summary judgment. We affirm the Court of Appeals decision.

The issue presented by this appeal is whether the interpretation of ORCP 67E.(2)[1] by the Court of Appeals changes substantive law and, therefore, violates the provisions of ORS 1.735[2] prohibiting rules of procedure which change substantive law.

Plaintiff, Jefferson State Bank (the Bank), brought an action against the defendants, Welch, Sr., Welch, Jr., and Juhl, doing business as W. R. Welch Construction, a partnership. This action was filed after defendants defaulted, for a second time, on a $50,000 secured note which had become due. The Bank brought the action against the three defendants on a theory of joint liability. Welch, Jr., failed to respond to the complaint and summons, and on October 18, 1982, the Bank was granted what the circuit court labeled a "default judgment" against Welch, Jr., for the total amount of money due plus interest and costs. The Bank proceeded to execute upon this default judgment. Shortly following this execution by the Bank, defendant Welch, Jr., filed for bankruptcy. The Bank continued to execute upon the default judgment and received an undisclosed sum in the bankruptcy settlement.

Defendants Welch, Sr., and Juhl filed a motion for summary judgment claiming that because the Bank had executed on the default judgment against defendant Welch, Jr., the joint obligation was merged into the default judgment. Defendants Welch, Sr., and Juhl assert that the Bank was

---

[1] ORCP 67E.(2) provides:

"In any action against parties jointly indebted upon a joint obligation, contract, or liability, judgment may be taken against less than all such parties and a default, dismissal, or judgment in favor of or against less than all of such parties in an action does not preclude a judgment in the same action in favor of or against the remaining parties."

[2] ORS 1.735 provides in pertinent part:

"The Council on Court Procedures shall promulgate rules governing pleading, practice and procedure * * * which shall not abridge, enlarge, or modify the substantive rights of any litigant. * * *"

thereby prevented from proceeding further with the action against them. The trial court granted defendants' motion for summary judgment. The Court of Appeals reversed on the ground that the so-called "default judgment" was not a final judgment.

Defendants urge that the so-called "all-or-none" rule is substantive law which should control the disposition of this case. The all-or-none rule provides that a creditor, after obtaining judgment against any one of several joint debtors, cannot subsequently obtain a judgment on the same obligation against the other joint debtors. *Ryckman v. Manerud,* 68 Or 350, 365-67, 136 P 826 (1913); *see also Wheatley v. Carl Halvorson, Inc.,* 213 Or 228, 323 P2d 49 (1958). Defendants also urge that the "merger rule" is an extension of the all-or-none rule, and is also substantive law. The merger rule provides that where a partnership obligation is joint, as opposed to joint and several, a judgment rendered on the obligation against fewer than all of the partners serves to merge the entire obligation of the partnership into the judgment. *Anderson v. Stayton State Bank,* 82 Or 357, 373-74, 159 P 1033 (1916); *Ryckman v. Manerud, supra.*

Welch, Sr., and Juhl argue that the obligation of the partnership was merged into the default judgment which the Bank obtained and executed upon against defendant Welch, Jr. They point out that the Bank could have avoided the application of these substantive rules by use of ORCP 71B.(1) and 71C.[3] Under these two procedural rules, the Bank could have moved the court to set aside the default judgment and to allow the case to proceed to judgment against all three defendants.

The Bank contends that it never received a final judgment against defendant Welch, Jr., and that, therefore, there is no basis for the application of either the all-or-none

---

[3] ORCP 71B.(1) and 71C. provide in pertinent part:

"B.(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *

"* * * * *

"C. This rule does not limit the inherent power of a court to modify a judgment within a reasonable time * * *."

rule or the merger rule. Defendants Welch, Sr., and Juhl argue that because the Bank accepted and executed upon the default judgment, the judgment constituted a final judgment in the action, and any further action against them constitutes a subsequent action after a final judgment. This they urge is what the all-or-none and merger rules were designed to prevent as a matter of substantive law. Defendants further argue that to apply ORCP 67E.(2) to this case violates ORS 1.735, which prohibits procedural rules that abridge, enlarge or modify substantive law.

This returns us to the nature of the so-called "default judgment" obtained by the Bank in this case. In *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984), this court held that unless the trial court makes an express determination that there is no just reason for delay and directs that a judgment should be entered, as required by ORCP 67B.,[4] any judgment entered against less than all of the parties is merely an intermediate order and not a final judgment. The circuit court cannot label a document as a "judgment" and have its true character and effect be that of a final judgment if in fact it is only an intermediate order.

Under ORCP 67B. any intermediate order, no matter how designated, is subject to revision by the trial court before entry of final judgment adjudicating all of the claims, rights, and liabilities of all of the parties. The Bank claims that since no final judgment was taken under ORCP 67B., under ORCP 67E.(2) the original action is still pending and the Bank may proceed against defendants Welch, Sr., and Juhl.

The Bank argues that ORCP 67E.(2) is a procedural mechanism designed to allow for individual judgments within

---

[4] ORCP 67B. provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

the same action. The Staff Comment by the Council on Court Procedures supports this position. According to the staff comment, "67E.(2) was intended to modernize concepts of joinder and judgments and to avoid unnecessary procedural traps."

■ ORCP 67E.(2) is simply a procedural mechanism which allows for individual judgments within the same action. Unless the trial court makes the required determinations under ORCP 67B., any individual judgment granted under ORCP 67E.(2) has only the character of an intermediate order subject to revision by the trial court upon conclusion of the entire matter.

■ In the case at bar, had the trial court made certain ORCP 67B. determinations, the default judgment would have become a final judgment. As such, the defendants' argument pertaining to the all-or-none rule and the merger rule would have to be addressed. However, we do not reach this issue because there was no final judgment regarding defendant Welch, Jr. The claim was controlled by ORCP 67E.(2). The execution on the intermediate "default judgment" did not bar further proceedings against defendants Welch, Sr., and Juhl. The summary judgment should not have been granted.

The Court of Appeals is affirmed.