Argued and submitted November 14, 1986, reversed and remanded April 22,
reconsideration denied June 12, petition for review allowed
September 15, 1987 (304 Or 149)
See later issue Oregon Reports

KETCHAM,
*Appellant,*

*v.*

SELLES et al,
*Respondents.*

(85-678-CV; CA A39458)

735 P2d 1246

David V. Gilstrap, Ashland, argued the cause for appellant. With him on the briefs was Davis, Ainsworth, Pinnock, Davis & Gilstrap, Ashland.

Timothy A. Bailey, Klamath Falls, argued the cause for respondents George W. Selles and Elaine B. Selles. With him on the brief was Crane & Bailey, Klamath Falls.

William M. Ganong, Klamath Falls, argued the cause and filed the brief for respondents Steve Carson and Joanne Carson.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff appeals from a judgment dismissing his claim for replevin of a rock screening plant and for reasonable rent during the time that defendant retained its possession.[1] We reverse.

On April 5, 1979, defendant apparently came into lawful possession of the plant and used it pursuant to a rental agreement with plaintiff.[2] On January 14, 1981, in another case involving the same rock screening plant, in which one Kendall was the plaintiff, defendant recovered a judgment by default against this plaintiff in that action on a third-party claim. That judgment did not resolve the issues between defendant and Kendall, nor did it comply with *former* ORS 18.125(1).[3] On February 6, 1981, defendant executed on the plant on the basis of the January 14 judgment and, on March 12, he purchased the plant at a sheriff's sale. A final judgment dismissing Kendall's complaint against defendant was not entered until April 7, 1981. Plaintiff made no appearance to contest the validity of the execution and sale, either before or after final judgment was entered.

Kendall appealed the judgment against him. Plaintiff then brought an action against defendant to recover the rental value of the plant for the period during which defendant possessed it. The trial court awarded defendant summary judgment, and plaintiff appealed. The two cases were consolidated on appeal, and we affirmed the judgment dismissing Kendall's complaint and reversed and remanded the summary judgment for defendant. *Kendall v. Selles,* 61 Or App 527, 658 P2d 534

---

[1] Plaintiff's claim alleging fraudulent transfer of assets from defendant George Selles to defendants Elaine Selles, Steve Carson and Joanne Carson was resolved by a stipulated judgment and is not involved in this appeal. The latter three defendants were implicated only in the fraudulent transfer claim, and therefore "defendant" refers only to George Selles.

[2] *See* n 4, *infra.*

[3] *Former* ORS 18.125(1) was repealed by Or Laws 1981, ch 898, § 53, and replaced by ORCP 67B. It provided, in part:

"[W]hen multiple parties are involved, the court may direct entry of a final judgment or decree as to one or more but fewer than all of the * * * parties only upon an *express* determination that there is no just reason for delay and upon an *express* direction for entry of judgment or decree." (Emphasis supplied.)

(1983).[4] Issues concerning the validity of the execution and the sheriff's sale were *not* raised on appeal in either case.

In October, 1985, plaintiff brought this action for replevin of the plant and for its reasonable rental value from the date of the sheriff's sale until its return. Both parties moved for summary judgment. The trial court denied plaintiff's motion and allowed defendant's. Plaintiff had contended that, because the January 14, 1981, judgment did not dispose of all the claims between all the parties and because it failed to comply with the requirements of *former* ORS 18.125(1), it was an intermediate order that could not support the execution and sale of the plant and that, therefore, the sale did not convey title to defendant. In dismissing the replevin claim, the trial court held that the execution on the intermediate order was proper, that the replevin action was a collateral attack on the former judgment, that plaintiff's appropriate remedy, if any, against the execution and sale was by direct appeal in the earlier case and, therefore, that plaintiff's claim for replevin in the present action is barred. Plaintiff appeals.

■ We first address whether a judgment not yet final may support a writ of execution. In *Gull Industries v. Mustang Gas and Oil Co.*, 73 Or App 557, 699 P2d 1134, *rev den* 299 Or 583 (1985), we held:

> "[B]ecause the judgment was not final under *former* ORS 18.125(1), it was not a lien and thus could not support the issuance of the writ [of garnishment]. The writ was therefore invalid." 73 Or App at 564.

Similarly, the judgment entered on January 14, 1981, in the previous case between these parties was not final under *former* ORS 18.125(1); it neither adjudicated all the claims between all the parties nor expressly directed entry of final judgment as to plaintiff and defendant nor expressly determined that there was no just reason for delay. *See State ex rel Zidell v. Jones,* 301 Or 79, 720 P2d 350 (1986). As a "judgment" entered against less than all of the other parties, the purported judgment of January 14 was merely an intermediate order. *Jefferson State Bank v. Welch,* 299 Or 335, 339, 702 P2d 414 (1985).

---

[4] On the basis of the briefs and oral arguments in this case, we conclude that, on remand of plaintiff's action to recover the rental, it was determined that he was entitled to the rental. We therefore have referred to defendant's "apparent" lawful possession of the plant.

It therefore could not then support issuance of the writ, and the writ was invalid. That, however, does not end our inquiry. We must next determine whether plaintiff may collaterally attack the execution and sale of the plant to defendant, the judgment creditor, or whether his only remedy was through direct appeal in the earlier case.[5]

■    A collateral attack may not be made on an execution and sale because of defects or irregularities which do not render them void. *See Mt. Vernon Nat. Bk. v. Morse,* 128 Or 64, 67-68, 264 P 439 (1928). For plaintiff to prevail in this proceeding, therefore, the writ must have been void.

■ ■    Executions issued without authority are void, but those issued erroneously but with authority are merely voidable. *Jones v. Dove,* 7 Or 467, 470 (1879). In the present case, there was no basis upon which the execution could issue, because the January 14, 1981, "judgment" was merely an intermediate order. *Jefferson State Bank v. Welch, supra,* 299 Or at 339. Because the judgment was not final, it was not a lien and the execution was void. *Gull Industries v. Mustang Gas and Oil Co., supra.* Therefore the subsequent sheriff's sale was likewise void. That the intermediate order later became final does not validate the void execution and sale. The sale, therefore, did not pass title to defendant and, because the execution and sale were void, plaintiff may properly attack them collaterally in this proceeding.

Reversed and remanded.

---

[5] Plaintiff argues at length that the present proceeding is not a collateral attack. That argument is not well taken. *See Morrill v. Morrill and Killen,* 20 Or 96, 101, 25 P 362 (1890). Plaintiff also contends that our holding in *Gull Industries v. Mustang Gas and Oil Co., supra,* controls the issue of whether he can attack the execution and sale in this proceeding. *Gull Industries,* however, was a *direct* appeal from a garnishment that issued on a judgment that did not dispose of counterclaims filed by the defendant against the plaintiff in that case, and it therefore does not control the issue of whether plaintiff in this case may collaterally attack a writ issued on a judgment not yet final.