AMVESCO, INC. et al,
*Respondents,*

*v.*

HAASE,
*Appellant.*

(16-83-01887; CA A37859)

735 P2d 1249

Claud Ingram, Eugene, argued the cause for appellant. With him on the brief was Bick & Monte, P.C., Eugene.

Harold D. Gillis, Eugene, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Defendant Haase appeals from an order denying his motion to set aside a writ of garnishment issued on a judgment not yet final under ORCP 67B[1] and a sheriff's sale of certain stock owned by Haase which followed. For the reasons set forth in *Gull Industries v. Mustang Gas and Oil Co.,* 73 Or App 557, 699 P2d 1134, *rev den* 299 Or 583 (1985), we hold that the writ of garnishment was void and that the subsequent sheriff's sale was likewise void. *See also Ketcham v. Selles,* 85 Or App 74, 735 P2d 1246 (1987). The fact that the intermediate order later became final does not have the effect of validating the garnishment and sale that were void. The void sale could not pass title to the stock, and the trial court erred in denying Haase's motion.[2]

Reversed.

---

[1] We reject without discussion plaintiffs' argument that ORCP 67B is not applicable to this case.

[2] Plaintiffs contend that defendant either waived his right to appeal or is estopped from asserting that right. Our review of the record reveals nothing to support those contentions. Plaintiffs also argue that this appeal is moot, because our decision would have no effect other than resolving an abstract question of law, citing *State ex rel Juv. Dept. v. Holland,* 290 Or 765, 767, 625 P2d 1318 (1981). We do not agree that a decision which determines who owns property raises only an abstract question of law.