On petitioners' petition for reconsideration filed April 2, reconsideration granted; previous opinion (303 Or 139, 734 P2d 871) adhered to, decision of Court of Appeals reversed and decision of trial court affirmed May 27, 1987

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Petitioners on Review,*
SHEELA,
*Appellant - Cross-Respondent,*

*v.*

McGREER
*Respondent on Review.*

McGREER,
*Respondent on Review,*

*v.*

RAJNEESH FOUNDATION INTERNATIONAL et al,
*Petitioners on Review,*
SHEELA et al,
*Respondents.*

(A8210-06678; CA A31894; SC S33111)

737 P2d 593

Robert J. McCrea, Eugene, filed the petition for petitioners on review.

Peterson, Chief Justice, and Lent, Linde, Campbell, Jones and Carson, Justices.

PETERSON, C. J.

## PETERSON, C. J.

In *Rajneesh Foundation v. McGreer,* 80 Or App 168, 721 P2d 867 (1986), the Court of Appeals held (1) that the trial court erred in considering the plaintiffs' motion to dismiss the defendant's counterclaims after an order of default had been entered against the plaintiffs, and (2) that the trial court erred in granting the plaintiffs' motion to dismiss a counterclaim brought under 42 USC § 1985(3). Because of its disposition, the Court of Appeals did not consider the plaintiffs' contention that the trial court erred in denying their motion to dismiss two defamation counterclaims.

On review, we reversed the Court of Appeals and held that the trial court did not err in considering and granting the motion to dismiss the section 1985 counterclaim. *Rajneesh Foundation v. McGreer,* 303 Or 139, 734 P2d 352 (1987). We did not consider the trial court's ruling as to the defamation counterclaims.

The plaintiffs have moved for reconsideration, asking that this court consider the merits of their contentions that the trial court erred in failing to grant their motion to dismiss the defamation counterclaims. In view of our earlier ruling on the default issue, the plaintiffs are entitled to have those claims of error considered and decided. We now do so.

The plaintiffs' claims on appeal relate to allegedly defamatory statements made by plaintiff Sheela. The defendant's second counterclaim alleged that Sheela appeared on a Portland radio program and made the following statements concerning defendant:

"* * * she goes on making *false accusations and false statements;*"

2. "Obviously, looking at Rosemary, she is lying;"

3. "We have not taken her defaming us, as a defamation, but she has been trying to create problems for us through malicious approach. What she is doing is being absolutely malicious. What she has been doing, she has been saying nothing but lies;"

"* * *' she lies a lot * * *."

In the third counterclaim, the defendant alleged that Sheela wrote a letter to the editor of the Rajneesh Times. The letter was published and stated, in part:

"Rosemary McGreer, Donna Smith Quick, Robert Anderson, Diane McDonald, Bill Driver, Wil Phinney, Don Smith, Loren Reynolds, Mardo Jimenez, Barbara Hill and all of those insolent racists and religious bigots who go around the state — supported by Senator Mark Hatfield and a few government bureaucrats — spreading fear through outrageous lies and biased opinions should understand one thing: this atmosphere of violence and threats is your offspring."

■  The plaintiffs moved to dismiss, arguing that the allegedly defamatory statements were not statements of fact, but opinion, and, as such, were constitutionally protected. Sheela's statements that the defendant "lies a lot", that "she has been saying nothing but lies" and that she and others "[spread] fear through outrageous lies" are statements of fact, not opinion. The statements were defamatory. *Murphy v. Harty,* 238 Or 228, 243, 393 P2d 206 (1964). ("It is libelous to publish of a man that he is a liar, regardless of his profession or occupation.")

■  The plaintiffs argue that the statements in the letter to the editor of the Rajneesh Times do not refer to defendant. ORCP 20E(1) provides:

"In an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; *but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff.* If such allegation is controverted, the plaintiff shall be bound to establish on the trial that it was so published or spoken." (Emphasis added).

The counterclaim alleged that the statements in Sheela's letter concerned defendant. Even without invoking the liberal rule of pleading stated in our earlier opinion ("If the pleadings against the defaulting party imply or reasonably require an inference of facts constituting a claim for relief, they are sufficient to support a default judgment." 303 Or at 144), the allegations are sufficient.[1]

Our conclusion is fortified by the evidence. The trial judge heard evidence — for several days — on damages, and

---

[1] Plaintiffs also argue that the terms "insolent racists" and "religious bigots," included in the letter published in the Rajneesh Times, are statements of opinion and are not defamatory. We do not address these issues because the letter also accused defendant of "spreading fear through outrageous lies." Even without the terms "insolent racists" and "religious bigots," the letter contained statements of fact capable of a defamatory meaning.

carefully considered the plaintiffs' objections. At the conclusion of the hearing, he stated:

"In reference to Mrs. McGreer when she [Sheela] was speaking on a Portland radio station, and I would like to read the actual remarks into the record, '* * * she goes on making false accusations and false statements;' 'Obviously, looking at Rosemary, she is lying;' 'We have not taken her defaming us, on us, as a defamation, but she has been trying to create problems for us through malicious approach. What she is doing is being absolutely malicious. What she has been doing, she has been saying nothing but lies;' '* * * she lies a lot * * *.'

"These statements were not uttered in the heat of passion or the excitement of the moment. They were responses that were unprovoked by the defendant. On their face, they were defamatory; they are actionable here if uttered maliciously, surely.

"The letter to the Times was similarly defamatory. It was a calculated statement toward Mrs. McGreer. It suggests, at best, that Mrs. McGreer was a provocator [sic] of violence; at worse, it placed her in league with a group categorized as thugs. Certainly these categorizations could subject a person against whom they were directed to hatred, contempt and ridicule; intend to diminish that person's esteem or respect. These remarks surely could hurt the defendant in the estimation of an important and responsible portion of the community. The fact that Mrs. McGreer's friends and intimate associates have not been affected by Miss Ma Anand Sheela's remarks is not controlling. The remarks are clearly intended to denigrate Mrs. McGreer in the opinion of Sheela's audience. I would be surprised, for example, if the members of the Commune did not think less of Mrs. McGreer after reading the assessment of her by their spiritual leader.

"I find that Sheela's remarks on the Portland radio station and in a letter to the Times were, in fact, defamatory. * * *"

The allegations in defendant's second and third counterclaims for defamation were sufficient to withstand a motion to dismiss for failure to state ultimate facts sufficient to state claims for relief. Plaintiffs' contentions to the contrary are without merit.

Reconsideration granted. Previous opinion adhered to. The decision of the Court of Appeals is reversed. The decision of the trial court is affirmed.