Argued and submitted November 5, Court of Appeals reversed and trial court affirmed
December 22, 1987, reconsideration denied February 2, 1988

KETCHAM,
*Respondent on Review,*

*v.*

SELLES et ux,
*Petitioners on Review,*

CARSON et ux,
*Respondents.*

(TC 85-678-CV; CA A39458; SC S34058)

748 P2d 67

William H. Walters, Portland, argued the cause and filed the petitions on behalf of the petitioners on review. With him on the petitions were Miller, Nash, Wiener, Hager & Carlsen and James N. Westwood, Portland.

David V. Gilstrap, Ashland, argued the cause and filed the response on behalf of the respondent on review, Ronald M. Ketcham.

William M. Ganong, Klamath Falls, filed the response on behalf of respondents Steve and Joanne Carson.

GILLETTE, J.

## GILLETTE, J.

Plaintiff Ketcham (plaintiff) appealed to the Court of Appeals from a judgment dismissing his action for replevin of a rock screening plant and for reasonable rent during the time that defendants Selles (defendants) retained possession of the plant. The plant had been the subject of an earlier sheriff's sale to defendants, based on the judgment in a preceding case. The trial court allowed defendants' motion for summary judgment on the ground that plaintiff's present action was an impermissible collateral attack on the prior judgment. The Court of Appeals reversed, holding that the execution in the earlier case was void, *Ketcham v. Selles,* 85 Or App 74, 735 P2d 1246 (1987), and defendants sought review in this court. We reverse the Court of Appeals and affirm the judgment of the trial court.

On April 5, 1979, defendants came into lawful possession of plaintiff's rock screening plant pursuant to a rental agreement with plaintiff. In January, 1981, plaintiff and defendants were parties in another case involving multiple parties and the same rock screening plant. In that case, defendants obtained a "judgment"[1] by default against plaintiff on January 14, 1981. That "judgment" did not resolve all the issues between all the parties and did not comply with *former* ORS 18.125(1) (*repealed by* Or Laws 1981, ch 898, § 53).[2]

---

[1] We place the term "judgment" in quotation marks because, although the trial judge entitled the determination a "judgment," the document did not comply with *former* ORS 18.125, *see* n 2, *infra,* and thus only constituted an order. *Former* ORS 18.010 (*repealed by* Or Laws 1981, ch 898, § 53).

[2] *Former* ORS 18.125 provided:

"(1) When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties.

"(2) When the court has ordered a final judgment or decree under the conditions stated in subsection (1) of this section, the court may stay enforcement of that judgment or decree until the entering of a subsequent judgment or judgments

Nonetheless, on February 6, 1981, defendants obtained a writ of execution to enforce the default judgment. The sheriff levied upon plaintiff's rock screening plant. Defendants purchased the plant at a sheriff's sale. A final judgment disposing of all the issues in the case was not entered until April 7, 1981. Until he brought the present action, plaintiff did not contest the validity of the execution and sale either before or after the final judgment was entered.

In October, 1985, plaintiff filed the present action. The trial court granted defendants' motion for summary judgment and held that the execution on the January 14, 1981, "judgment" was proper, that the replevin action was a collateral attack on the former action and that plaintiff's remedy, if any, against the execution and sale was by direct appeal in the former action.

The Court of Appeals reversed. It held that the writ of execution was invalid because the "judgment" entered on January 14, 1981, "was merely an intermediate order," and "therefore could not * * * support issuance of the writ." 85 Or App at 77-78. It held also that "[e]xecutions issued without authority are void" and that, therefore, "plaintiff may properly attack [the execution and sale] collaterally in this proceeding." *Id.* at 78. The present petition for review followed.

## EXECUTION BEFORE FINAL JUDGMENT

*Former* ORS 18.125 was adopted in recognition that interlocutory appeals could avoid the possible injustice of delay to some litigants. Before the passage of that statute, a party in a multiple-party case could have judgment entered against him or her and "the prevailing party could execute on that judgment and the party against whom the judgment was entered could not even stay the proceedings pending appeal because a supersedeas bond could only be filed after an appeal and an appeal could only be taken after entry of final judgment" resolving all issues in the case. *May v. Josephine Memorial Hospital,* 297 Or 525, 531 n 8, 686 P2d 1015 (1984) (citing Minutes, House Committee on Judiciary 1-3 (Feb. 4, 1977)). *Former* ORS 18.125(1) provided that, in part:

---

or decree or decrees and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment or decree is entered."

ORCP 67B is substantively identical to *former* ORS 18.125(1). *Former* ORS 18.125(2) became ORCP 72D. Council of Court Procedures, Staff Comment to ORCP 67 and ORCP 72, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 186, 207.

"[W]hen multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the * * * parties * * * upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree."

For purposes of appeal, ORS 19.040 provides for an automatic stay by supersedeas bond. With respect to stays for other purposes, *former* ORS 18.125(2) provided that, if the court entered a judgment in accordance with *former* ORS 18.125(1), "the court may stay enforcement of that judgment * * * until the entering of a subsequent judgment * * * and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment * * * is entered."

■■ In order for the remedial purposes of *former* ORS 18.125 to be fulfilled, it is necessary to conclude that execution may issue only upon a judgment that would give the non-prevailing party an opportunity either to file a supersedeas bond and stay the proceeding under ORS 19.040 or to make a motion to stay the execution under *former* ORS 18.125(2). In the absence of a determination that there is no just reason for delay and an express direction for the entry of judgment, the "judgment" of January 14, 1981, was an intermediate order "subject to revision [by the trial court] at any time before the entry of judgment" adjudicating all the claims between all the parties. *Former* ORS 18.010, 18.125(1). *See also Jefferson State Bank v. Welch,* 299 Or 335, 339, 702 P2d 414 (1985) (construing ORCP 67, the successor to *former* ORS 18.125). At the time of execution, there was no judgment upon which the execution could be based under ORS 23.030.[3] However, the posture of the prior case did not remain the same.

CHALLENGE OF DEFAULT "JUDGMENT" AND
EXECUTION AFTER FINAL JUDGMENT IS
ENTERED AND TIME FOR APPEAL HAS EXPIRED

As noted by the Court of Appeals, the conclusion that execution may issue only upon a final judgment does not end

---

[3] ORS 23.030 provides:

"The party in whose favor a judgment is given, which requires the payment of money, the delivery of real or personal property, or either of them, may at any time after the entry thereof, and so long as the judgment remains a lien, have a writ of execution issued for its enforcement. * * *"

the inquiry. In this case, we must further "determine whether plaintiff may collaterally attack the execution and sale of the plant to defendant, the judgment creditor, or whether his only remedy was through direct appeal in the earlier case." 85 Or App at 78.[4] The Court of Appeals concluded that

> "there was no basis upon which the execution could issue, because the January 14, 1981, 'judgment' was merely an intermediate order. *Jefferson State Bank v. Welsh, supra,* 299 Or at 339. Because the judgment was not final, it was not a lien and the execution was void. * * * Therefore the subsequent sheriff's sale was likewise void. That the intermediate order later became final does not validate the void execution and sale. The sale, therefore, did not pass title to defendant and, because the execution and sale were void, plaintiff may properly attack them collaterally in this proceeding."

85 Or App at 78 (citation omitted).

■ The distinction between void and voidable "is often related to the distinction between 'direct' and 'collateral' attack, in that it is said that a 'void' judgment is vulnerable either to direct or collateral attack, while a 'voidable' judgment is subject only to direct attack." Restatement (Second) Judgments, Chapter 5 Introductory Note, *comment c* at 143 (1982). "[T]he interconnection of this distinction with that between 'direct' and 'collateral' attack imports the ambiguities of the latter distinction" without aiding the analysis. *Id.* Instead, we think that the appropriate distinction for present purposes is between a "procedural error" and a "jurisdictional" defect: "The former is submerged in the judgment and ordinarily beyond remedy after the judgment has become final and the time to appeal expired; the latter in some situations can be a basis for future avoidance of the judgment." *Id.,* § 69, *comment b* at 177. *See Jones v. Dove,* 7 Or 467, 471 (1879) (if

---

[4] Before the Court of Appeals, plaintiff argued that his present replevin action was not a collateral attack on the earlier action. He argued that he was not making an "attack, collateral or otherwise, on any judgment" but, rather, that his replevin action merely sought "to recover personal property wrongfully withheld by another" pursuant to an invalid writ of execution and an invalid sheriff's sale. Whether plaintiff denominates his challenge to defendants' title to the rock screening plant a "replevin action" or a "collateral attack," the issue is still whether he may bring a separate and later action to challenge an outcome in an earlier case in which final judgment was rendered and the time for appeal has expired. We express no opinion whether a separate replevin action would have been proper *before* the entry of final judgment.

irregularities in a writ of execution are amendable, the amendments "are considered as actually made in all collateral proceedings").

We have stated in various contexts that, "[o]nce the judgment has been entered and the time for appeal has expired, the defaulting party has no recourse unless the trial court lacked jurisdiction [over the parties and the subject matter] to enter the judgment"; other defenses are lost. *Rajneesh Foundation v. McGreer,* 303 Or 139, 144 n 3, 734 P2d 871 (default judgment not subject to collateral attack on ground that pleadings were insufficient to support it), *former decision adhered to,* 303 Or 371, 737 P2d 593 (1987); *Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 615, 510 P2d 845 (1973) (statutory requirement that hospital lien be filed within specified period not a jurisdictional requirement; therefore, judgment based on lien not subject to collateral attack); *Travelers Insurance v. Staiger,* 157 Or 143, 148, 69 P2d 1069 (1937) (judgment awarding excessive relief not subject to collateral attack); *Walling v. Lebb,* 140 Or 691, 692, 15 P2d 370 (1932) (failure of a complaint to state claim does not subject subsequent judgment to collateral attack); *Booth v. Heberlie,* 137 Or 354, 356, 2 P2d 1108 (1931)(judgment entered prematurely "could be attacked only by motion in the original case"). *See also State ex rel Kalich v. Bryson,* 253 Or 418, 422, 453 P2d 659 (1969)(courts do not have jurisdiction to enter default judgment against one without notice; however, failure to give party notice of time within which to answer did not prevent court from acquiring jurisdiction to entertain a motion to amend the summons). In this case, there is no dispute that the trial court had jurisdiction over the subject matter and the parties, both before and after the judgment of default.

In the absence of a timely challenge to the January, 1981, "judgment," it is treated as being enforceable even though entered prematurely. *See Woodward v. Baker,* 10 Or 491, 493, 6 P 173 (1883) (collateral attack disallowed on judgment entered prematurely; when a court acts with jurisdiction over parties a judgment entered therein is valid "until set aside, or reversed by direct proceeding in that action"). The proper manner in which to challenge the "judgment" and execution in this case would have been to seek relief from the judgment. Prior to the adoption of ORCP 71 (relief from judgment or order), Oregon cases held that trial courts had the

inherent power to delay or control the timing of an execution apart from statutory authority such as *former* ORS 18.160 (*repealed by* Or Laws 1981, ch 898, § 53).[5] *See, e.g., Skulason v. Pratt,* 169 Or 617, 623, 130 P2d 17 (1942); *Farmers' Loan Co. v. O.P.R.R. Co.,* 28 Or 44, 66, 40 P 1089 (1895). *See also* Council on Court Procedures, Staff Comment to ORCP 71, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 203-4 (discussing codification of Oregon caselaw). After the default, plaintiff could have attempted to invoke the court's power to delay the execution for lack of compliance with *former* ORS 18.125(1), to amend the "judgment" to comply with *former* ORS 18.125(1) or to seek the court's protection under *former* ORS 18.125(2). He did none of these.

■ We hold that, in the absence of such an objection to the "judgment" and execution, a party may not regain property because of the fortuity of the other's early, rather than timely, execution. To allow such a challenge would be not only inconsistent with our earlier decisions concerning the grounds upon which one may attack a judgment, once it complies with *former* ORS 18.125 and the time to appeal has expired; it also would be inconsistent with our recent decisions in *State ex rel Orbanco Real Estate Serv. v. Allen,* 301 Or 104, 115-16, 720 P2d 365 (1986) and *State ex rel Zidell v. Jones,* 301 Or 79, 95-98, 720 P2d 350 (1986). In *Zidell,* we stated that "two or more documents, when considered together, may constitute a final judgment if they adjudicate every claim presented and determine the rights and liabilities of each party." 301 Or at 98. As applied to this case, once the April, 1981, judgment disposed of the remaining claim, the January and April "judgments," construed together, constituted a valid "final judgment." Plaintiff could not then, for the first time, challenge the January judgment as invalid for lack of "an express determination that there is no just reason for delay and * * * an express direction for entry of judgment" as required by *former* ORS 18.125(1).

---

[5] *Former* ORS 18.160 provided:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

*Former* ORS 18.160 was replaced by ORCP 71. Council on Court Procedures, Staff Comment to ORCP 71, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 203.

After the further expiration of 30 days, ORS 19.026(1), his opportunity to appeal on the same issue was also lost.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.