FILED

MAY 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEY D. ENGLERT,

            Plaintiff - Appellant,

  v.

HEBERT LEON MacDONNELL;
BARTON P. EPSTEIN; STUART H.
JAMES; PATRICIA LOUGH,

            Defendants - Appellees.

No. 10-35678

DC No. 6:05 cv-01863 AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted May 2, 2011
Portland, Oregon

Before:    TASHIMA, BEA, and IKUTA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Rodney D. Englert appeals from the district court's grant of summary judgment to Herbert Leon MacDonell[1] on Englert's defamation claims. Englert's claims against MacDonell are based on 12 documents involving statements purportedly made between July 1993 and February 2006. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

**1.** As an initial matter, although MacDonell claims that Englert is a limited-purpose public figure, he has not demonstrated any "particular public controversy" into which Englert has thrust himself in order to influence the issues involved. Time, Inc. v. Firestone, 424 U.S. 448, 453 (1976). We conclude that Englert is not a public figure.

**2.** Englert's claim is time-barred with respect to five of the statements – MacDonell's July 25, 1993, letter; his January 3, 1994, letter; his January 27, 1998, affidavit; his November 23, 1999, email; and the statements that William Crank averred that MacDonell made to him – because he was aware of them and their content more than a year before commencing this action. See Or. Rev. Stat. § 12.120(2); Holdner v. Oregon Trout, Inc., 22 P.3d 244, 248 (Or. Ct. App. 2001).

---

[1] We adopt the spelling of defendant-appellee MacDonell used consistently by the parties in their briefs, although it varies from the name in the caption.

**3.** Further, there is no evidence that MacDonell was responsible for two of the statements – a notice left for jurors at a trial in Idaho and a newspaper article that does not directly attribute a quote to MacDonell – so Englert has not created a genuine issue of material fact that MacDonell has defamed him with respect to those statements.

**4.** In addition, MacDonell's letter of March 27, 2000, as well as the statements that Jim J. Thomas and David J. Castle averred that MacDonell made to them, are statements of opinion that do not imply assertions of objective fact, and are accordingly not actionable. See, e.g., Partington v. Bugliosi, 56 F.3d 1147, 1153 (9th Cir. 1995).

**5.** The remaining statements – MacDonell's emails of June 28, 2003, and October 8, 2003 – are both capable of defamatory meaning under Oregon law. See, e.g., Rajneesh Found. Int'l v. McGreer, 737 P.2d 593, 594 (Or. 1987).

**6.** Accordingly, we affirm the judgment of the district court with respect to 10 of the 12 allegedly defamatory statements, but reverse as to the final two statements – the emails of June 28, 2003, and October 8, 2003 – and remand for further proceedings consistent with this disposition. Each party shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

-3-