Argued and submitted March 17, affirmed April 16, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL JAMES McKARGE,
*Appellant.*

## (DA 288341-8410; CA A37017)

717 P2d 656

Caryanne C. VanCoevering, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant was involved in an altercation with a Tri-Met bus driver and was convicted of harassment. ORS 166.065. Before trial, defendant subpoenaed the driver's employment records. During the pretrial proceedings, counsel for Tri-Met requested the court to conduct an *in camera* inspection of the records to determine whether there were customer complaints indicating past assaultive behavior by the driver. The court examined the records and concluded that they contained no relevant material, so it did not make the records available to defendant for inspection.

In this direct appeal, defendant first contends that the trial court erred in conducting the inspection without allowing defendant to examine the file. The alleged error was not preserved.

As a second ground, he asserts that, if the alleged error was not preserved, he had ineffective assistance of counsel. This issue is one that can only be resolved in a post-conviction proceeding where an evidentiary hearing may be held. *State v. Pettypool,* 67 Or App 13, 14, 676 P2d 368 (1984); *State v. Neighbors,* 55 Or App 882, 885, 640 P2d 643 (1982); *State v. Chase,* 51 Or App 289, 291, 624 P2d 1100 (1981).

Affirmed.