Argued and submitted April 1, affirmed July 8, reconsideration denied August 21, petition for review denied October 20, 1987 (304 Or 279)

**BECKWITH,**
*Respondent,*

*v.*

**FRAZEY,**
*Appellant.*

(82-12-07679; CA A38755)

738 P2d 1003

Graham Walker, Portland, argued the cause for appellant. With him on the briefs was Mitchell Crew, Portland.

David Schermer, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendant appeals from the denial of his motion to set aside as void a judgment based on an arbitration award.[1] ORCP 71B(1)(d). We affirm.

■ In 1981, plaintiff contracted to paint defendant's house. When defendant refused to pay for the work, plaintiff initiated arbitration proceedings and was awarded the liquidated damages stipulated in the contract, including a $5 daily late payment penalty. A judgment was entered on the award in January, 1983. Two years later, defendant moved to set it aside as void or, in the alternative, to set aside the part of the judgment representing the accumulated $5 per day penalty. Plaintiff moved to clarify the amount of the judgment to reflect the ongoing daily penalty. The trial judge denied defendant's motion to set aside the judgment, but modified the judgment to exclude the penalty for the period after entry of the judgment on the arbitration award.[2]

■ Defendant assigns error to the denial of his motion, contending that in 1981 plaintiff had not met the registration requirements of ORS 701.065:

"A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he did or entered into the contract for performance of the work."

The statute might have been a successful defense had it been raised at an appropriate time, even assuming that it applied to arbitration award judgments. That, however, is not the issue before us. ORS 701.065 is not jurisdictional, and defendant cannot use it to have the 1983 judgment set aside as void.

Affirmed.

---

[1] Defendant's other assignment of error requires no discussion.

[2] Plaintiff assigns error to the modification of the judgment but, because he failed to cross-appeal, we cannot correct the error. *See Artman v. Ray,* 263 Or 529, 533, 501 P2d 63, 502 P2d 1376 (1972).