Submitted on record and briefs August 21, 1991, judgment for sanctions reversed
December 9, 1992

William A. CRAVEN, II,
dba Willies Foursquare Construction,
*Plaintiff,*
*and*

G. Philip ARNOLD,
*Appellant,*

*v.*

Charles SHUTTLE
and Maryke Shuttle,
*Respondents.*

(90-1120-L-1; CA A67768)

843 P2d 500

Thad Guyer, Medford, and G. Philip Arnold, Ashland, filed the brief for appellant.

Charles and Maryke Shuttle, Ashland, filed the brief *pro se.*

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Appellant is an attorney. In April, 1990, he filed a complaint on behalf of plaintiff alleging that plaintiff had performed services for defendants in the construction of a house and that defendants had not paid. In July, defendants moved to dismiss the complaint and for sanctions against appellant under ORCP 17[1] because, on the date that defendants and plaintiff entered into the contract for construction, plaintiff was not licensed as a builder. The trial court entered a judgment that imposed sanctions against appellant. He appeals from that judgment. We reverse.

ORS 701.065 provides, in part:

"[1]   A contractor may not file a lien, file a claim with the [Construction Contractors Board] or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract for work which is subject to this chapter, unless the contractor was:

"(a)   Registered under this chapter at the time the contractor bid or entered into the contract for performance of the work[.]

"* * * * *

"(2)   If the court determines that the contractor was not aware of the requirement that the contractor be registered, a court may choose not to apply subsection (1) of this section if the court finds that to do so would result in a substantial injustice to the unregistered contractor."

The trial court reasoned that, in enacting ORS 701.065, the legislature wanted "to erect a substantial obstacle to persons (and their attorneys) commencing lawsuits to collect when the subject matter requires registration * * *." It concluded that a complaint filed by an unregistered builder violates ORS

---

[1] ORCP 17A provides, in part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. * * * The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose * * *."

701.065(1), unless there are circumstances to which subsection (2) would apply. It held that subsection (2) is not an affirmative defense but must be pled by a plaintiff who intends to rely on it. It rejected appellant's argument that, if a complaint is legally sufficient on its face, an attorney is not subject to sanctions. The court concluded that the action was filed in violation of ORS 701.065, and, therefore, that appellant's signature on the complaint, which certified that the action was warranted by law, was "at best very inappropriate."

Appellant contends that the complaint need not contain allegations related to ORS 701.065, because registration with the Board is not an element of plaintiff's claim and the escape clause of ORS 701.065(2) is an affirmative defense. He relies on *Foreclosing Security Interests*, Oregon State Bar CLE Handbook, § 5.70 (1984), which says that one of the defenses that might be affirmatively pled is the failure to be registered with the Board. It also provides a model form that has no allegation regarding the registration status of the builder.[2] Appellant also cites *Beckwith v. Frazey*, 86 Or App 236, 238, 738 P2d 1003, *rev den* 304 Or 279 (1987), in which we referred to ORS 701.065 as a defense.

Appellant does not claim that OSB publications are definitive statements of the law. Rather, his position is that, even if the trial court is correct in its analysis of what must be pled, there was no basis on which to impose sanctions, because "[c]ompliance with the standards and practices suggested in official Oregon State Bar publications should, at the very least, give rise to a presumption that the attorney involved has complied with ORCP 17."

We need not determine whether such a presumption does arise or whether plaintiff was required to plead that he was registered. In reviewing a sanction imposed under ORCP 17A, our inquiry is whether there is a reasonable basis for the pleading. *See Whitaker v. Bank of Newport*, 101 Or App 327, 333, 790 P2d 1170 (1990), *aff'd on other grounds*, 313 Or 450, 836 P2d 695 (1992). The trial court relied on one analysis;

---

[2] Appellant acknowledges that the form in *Construction Law*, Oregon State Bar CLE Handbook, II, 14-55 (1989), does include an allegation of registration with the Board.

however, appellant demonstrated an arguable basis for his position. The answer to the dispute is not obvious, and the record does not support imposition of sanctions. *Whitaker v. Bank of Newport, supra; see also Westfall v. Rust International*, 314 Or 553, 840 P2d 700 (1992).

The trial court also concluded:

"The further factual situation here that is to this Court of substantial importance is the at least strong appearance that this lawsuit was filed in an effort to oust the [Construction Contractors Board] of its jurisdiction where it has already made a determination adverse to the plaintiff."

The court's reference is to an order that defendants had obtained from the Board after they had filed a claim at some point between October, 1988, and June, 1989. Insofar as the court's statement is a conclusion that appellant acted with an improper purpose, it is not supported by the court's own findings. Appellant filed the complaint in April. The court declined to allow fees for defendants' attorney for the time before June 19, 1990, as a sanction, because it specifically "found nothing to indicate that [appellant] was alerted to the defect in his clients' case prior to that time." The court's suggestion that appellant acted improperly in bringing the action cannot be reconciled with its refusal to award fees for work done between April and June 19.

Furthermore, the finding is not supported by law. Commencing this action did not oust the Board of jurisdiction. ORS 701.145(2)(a) provides that the Board has discretion to refuse to accept or to continue processing a claim if the matter is submitted to a court and, under OAR 812-04-035 (21)(a)(A), the Board may retain jurisdiction and resume processing a claim if a breach of contract complaint is filed in court.

Judgment for sanctions reversed.