Argued and submitted May 12, vacated and remanded in part; otherwise affirmed
October 22, 1997, petition for review denied April 14, 1998 (327 Or 83)

## JERRY WALLACE DAVIS,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
Acting Superintendent of Oregon
State Penitentiary,
*Respondent.*

## (94-C-13622; CA A93948)

948 P2d 327

Karen Steele Gable argued the cause and filed the brief for appellant.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner appeals from the judgment denying his petition for post-conviction relief. We affirm in part and reverse in part.

Petitioner was convicted on one count each of robbery in the first degree with a firearm, ORS 164.415, and burglary in the first degree. ORS 164.225. On direct appeal, he argued that he was denied due process and a fair trial because he was shackled throughout the trial. We affirmed the judgment, and the Supreme Court denied review.

■ In his petition for post-conviction relief, petitioner alleges that his trial counsel was inadequate because he failed to object to petitioner being held in shackles in the presence of the jury and failed to request that the trial court hold an evidentiary hearing to establish cause for the use of the shackles.[1]

The post-conviction court initially dismissed petitioner's petition for post-conviction relief with prejudice, finding it "meritless and frivolous." Petitioner then filed a motion for a new trial. The post-conviction court denied that motion. In an amended judgment, the court imposed a sanction of $100 in attorney fees against petitioner under ORS 138.527. It also sanctioned petitioner's counsel, pursuant to ORS 138.590(5), limiting her court-appointed compensation to fees attributable only to reviewing, rather than pursuing, petitioner's shackling claim, which the court concluded was frivolous.

Petitioner assigns three errors to the post-conviction court. He alleges that the post-conviction court erred in

---

[1] Defendant makes no argument that petitioner's claim is barred as a result of his argument on direct appeal. *See Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994) (petitioner could not assert as ground for post-conviction relief an issue that was not raised at trial when petitioner could have been expected to raise issue and when petitioner did not assert that failure to raise issue constituted inadequate assistance of trial counsel). Inadequate assistance of counsel is an issue that generally cannot be reviewed on direct appeal of a criminal conviction because an evidentiary hearing is required. *State v. McKarge*, 78 Or App 667, 668, 717 P2d 656 (1986).

imposing sanctions against him and his post-conviction counsel, in denying his shackling claim, and in denying his motion for a new trial.

Because it is dispositive, we begin with petitioner's second assignment of error. Petitioner contends that the post-conviction court's denial of his shackling claim was erroneous as a matter of law because the court imposed an erroneous legal standard, requiring him, in order to establish prejudice, to prove that at least one juror was aware that he was shackled during the criminal trial. We agree that the court employed an incorrect analysis in deciding petitioner's shackling claim.

In a post-conviction relief proceeding, the petitioner has the burden to prove the allegations of the petition by a preponderance of the evidence. ORS 138.620(2). Under the Oregon Constitution, to prove inadequate assistance of trial counsel, the petitioner must prove that counsel failed to do the things reasonably necessary to advance the defense and that the petitioner suffered prejudice as a result. *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). Denial of adequate assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution is demonstrated when the petitioner shows that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

On review of a denial of post-conviction relief, we are bound by the post-conviction court's findings that are supported by evidence in the record. However, we examine anew the court's constitutional determinations. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989).

To make the proper showing here, petitioner faces a two-pronged test. First, petitioner must prove that counsel's conduct demonstrated a failure to exercise reasonable professional skill and judgment. Second, petitioner must prove that he suffered prejudice as a result of counsel's failure. At the post-conviction hearing, defendant conceded that the trial

record did not include evidence demonstrating that petitioner needed to be shackled for security purposes. We therefore agree with petitioner that counsel's failure to object to the shackling and to request an evidentiary hearing demonstrates a failure to exercise reasonable professional skill and judgment. *See State ex rel Juv. Dept. v. Millican*, 138 Or App 142, 145, 906 P2d 857 (1995), *rev den* 323 Or 114 (1996) ("Oregon has long recognized the right of adult defendants to be free from physical restraints during criminal trials.") Accordingly, we turn to the question of whether petitioner proved that he was prejudiced in the criminal trial as a result of the shackling.

Petitioner argues that he met the prejudice prong because *State v. Kessler*, 57 Or App 469, 645 P2d 1070 (1982), holds that when a defendant is shackled in the presence of the jury during a criminal trial without a proper record of the necessity having been made, the prejudice "is manifest and need not be proven in an individual case." *Id.* at 475. Petitioner also relies on *Guinn v. Cupp*, 304 Or 488, 747 P2d 984 (1987), a post-conviction case in which the Supreme Court stated:

> "In a post-conviction case involving a claim of inadequate assistance of appellate counsel for failure to raise the shackling issue on appeal, *the post-conviction plaintiff would make a prima facie case simply by showing that he or she was shackled during the trial and that no record was made in the trial court to support the decision to shackle.*" *Id.* at 498 (emphasis supplied).

Defendant contends that petitioner is incorrect in asserting that prejudice is shown by "the mere fact of shackling, without more[.]" Defendant argues that, in post-conviction cases, the petitioner has the burden of proving that any constitutional error did prejudice the petitioner's case and that, to demonstrate prejudice based on unnecessary shackling, a petitioner must prove both that a juror saw the restraints and that an insufficient record was made regarding the need for them. Defendant asserts that only at that point do prejudicial inferences follow.

In spite of the language in *Kessler* and *Guinn* that appears contrary to defendant's position, defendant argues

that neither case assists petitioner. Defendant asserts that *Kessler* was a direct appeal in which this court, in disagreeing with the state that the jury's observation of the defendant's leg irons was unimportant because the leg irons were not "terribly obtrusive," stated that the relevant issue was whether the jury could see the shackles "at all." Thus, defendant concludes, *Kessler* stands only for the proposition that, "*if* jurors observe a shackled defendant during trial, all the defendant must prove *on direct appeal* is that an insufficient record was made regarding the need for shackling." (Emphasis defendant's.)

Likewise defendant argues that in *Guinn* the post-conviction court had specifically held that the petitioner was prejudiced by being shackled "in the presence of the jury," and that the state did not challenge that finding on appeal. Thus, defendant contends, it was "established fact for purposes of appeal" that the petitioner had suffered prejudice. Therefore, defendant argues, the language on which petitioner relies here should not be construed to mean that a petitioner in post-conviction proceedings does not have to prove that jurors observed the shackles.

Defendant's argument regarding *Kessler*, however, ignores that

> "[i]t is difficult to accept the proposition that defendant could sit through a jury trial and constantly maintain a posture such that the jury would not see the leg irons. It is not a question whether the jury will be constantly exposed to the vision of a shackled defendant, but whether they see the shackles at all." *Id.* 57 Or App at 474.

In other words, *Kessler* establishes that, when a defendant is shackled in the courtroom, there is a presumption that the shackles are seen by the jury and prejudice results.[2] In context, much of our discussion in *Kessler* was meant to reject the state's claim that if the shackles were not "terribly obtrusive," then no prejudice resulted.

---

[2] In *State v. Kessler*, 57 Or App 469, 474, 645 P2d 1070 (1982), we also pointed out that shackling can also affect a criminal defendant in that it can inhibit consultation with counsel and the decision whether to take the stand as a witness.

We also reject defendant's attempt to narrow the holding of *Guinn*. That the issue of prejudice was not before the court does not detract from the Supreme Court's clear directive that a post-conviction petitioner can establish a *prima facie* case "simply by showing that he was shackled during the trial and that no record was made in the trial court to support the decision to shackle." 304 Or at 498.

■ The post-conviction court erred in that it failed to realize that, as petitioner maintained, under *Kessler* and *Guinn* he had established, *prima facie*, that he had been denied adequate assistance of counsel by proving that he was shackled in the presence of the jury without a proper record having been made.

■ Although the trial court failed to apply *Kessler* and *Guinn* properly, that error does not require reversal of the court's denial of post-conviction relief. In *State v. Schroeder*, 62 Or App 331, 661 P2d 111, *rev den* 295 Or 161 (1983), we held that, given the overwhelming evidence of the defendant's guilt, the trial court's error in denying the defendant's motion to remove his shackles during trial was harmless beyond a reasonable doubt. That analysis is also applicable in the post-conviction context.

Here, the court found that "[t]he evidence of petitioner's guilt was overwhelming and, therefore, any error that might have occurred was harmless beyond any reasonable doubt."

We agree with the court's finding that any error in shackling was harmless. The victim identified petitioner at trial and at a photographic throwdown. Some jewelry stolen from the victim was found in a jacket likely to have been petitioner's, and more of the stolen jewelry was found in a backpack that also included petitioner's address book and was located in a car in which he was a passenger. Additional stolen jewelry was found in a bag that petitioner asked his brother to return to the victim. Petitioner's only defense was an alibi witness who said that petitioner arrived at a party between 7:00 a.m. and 9:00 a.m. of the robbery. However, the robber left the victim's house at 7:15 a.m. In the light of the state's overwhelming evidence, we conclude that the error in shackling petitioner was harmless beyond a reasonable

doubt. Because the error in shackling petitioner was harmless, the court correctly concluded that petitioner had not been denied adequate representation of counsel.

Petitioner also assigns error to the court's rulings on attorney fees. Pursuant to ORS 138.527, the post-conviction court ordered petitioner to pay defendant's attorney fees in the amount of $100. It also limited compensation to petitioner's court-appointed attorney to "those costs attributable only to reviewing, rather than pursuing, [petitioner's] frivolous claims pursuant to ORS 138.590(5)."

We turn first to the judgment against petitioner. ORS 138.527 provides:

"(1)   In addition to any other relief a court may grant or order under ORS 138.510 to 138.680, the court shall award attorney fees to the prevailing party if the court finds that the other party's petition or response was frivolous.

"(2)   An award of attorney fees under this section may not exceed $100.

"(3)   If the party required to pay attorney fees is an inmate of a correctional institution, the fees may be drawn from, or charged against, the inmate's trust account."

Neither we nor the Supreme Court has considered an award of fees under ORS 138.527, enacted in 1995.

Under the statute, a post-conviction court must award attorney fees when it finds that a party has filed a frivolous pleading. The award of fees is in the nature of a sanction. However, the statute does not define "frivolous." In *Westfall v. Rust International*, 314 Or 553, 840 P2d 700 (1992), the Supreme Court defined "frivolous" in the context of the then current version of ORS 656.390, which authorized an award, including reasonable attorney fees to the opposing party, for a frivolous appeal of a workers' compensation claim. The Supreme Court held that

"an appeal is 'frivolous' * * * if every argument on appeal is one that a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.* at 559 (footnote omitted).

The Supreme Court's definition in *Westfall* also reflects the text of ORCP 17 C(3) and (4), under which a trial court may impose a sanction against a party who falsely certifies that a "factual assertion" is supported by evidence or that a pleading is "warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law[.]" Although the legislature subsequently enacted its own definition of frivolous for purposes of ORS 656.390,[3] we conclude that the Supreme Court's definition in *Westfall* is the one intended by the legislature in the post-conviction context. Accordingly, we hold that a frivolous petition or response under the post-conviction relief statutes is one without factual basis or well-grounded legal argument.

■ We therefore review an award of attorney fees under ORS 138.527 to determine whether there is a reasonable basis for the pleading. *See Westfall*, 314 Or at 559 (to find if appeal is frivolous the court asks whether argument was one that reasonable lawyer would know was not well-grounded in fact or not warranted by law); *Craven v. Shuttle*, 117 Or App 37, 40, 843 P2d 500 (1992) (in reviewing sanction under earlier version of ORCP 17 A, inquiry is whether there is a reasonable basis for the pleading). Here, as discussed above, far from being without basis, petitioner's legal argument on his shackling claim was supported by existing law. Insofar as the post-conviction court here determined that there was no reasonable legal basis for the petition, it erred. Because, as a matter of law, petitioner's pleading was not frivolous, the court was without authority to award attorney fees to defendant.

■ The post-conviction court also limited the compensation paid to petitioner's counsel, ostensibly pursuant to ORS 138.590(5), which provides:

"When a petitioner has been ordered to proceed as an indigent person, the expenses which are necessary for the proceedings upon the petition in the circuit court and the

---

[3] ORS 656.390(2) provides:

"As used in this section, 'frivolous' means that the matter is not supported by substantial evidence or the matter is initiated without reasonable prospect of prevailing."

compensation to appointed counsel for petitioner as provided in this subsection shall be paid by the state from funds available for the purpose. At the conclusion of proceedings on a petition pursuant to ORS 138.510 to 138.680, the circuit court shall determine and allow, as provided in ORS 135.055, the amount of expenses of petitioner and compensation for the services of appointed counsel in the proceedings in the circuit court. The expenses and compensation determined by the circuit court shall be certified to and paid by the state."

Under ORS 135.055(1) and (6), counsel is entitled to "be paid fair compensation for representation" under the provisions set out in the statute.

We do not decide whether a post-conviction court has the discretion under ORS 138.590(5) to deny full payment to appointed counsel for pursuit of a frivolous petition as fees not reasonably incurred. *See Perkins v. Tarno*, 136 Or App 409, 901 P2d 953 (1995), *rev den* 322 Or 489 (1996) (in post-conviction proceeding, court did not abuse discretion in denying petitioner's motion for payment for entire transcript of criminal trial). Assuming, for the sake of argument, that the statute gives a court that discretion, the court abused its discretion here. Even though petitioner did not prevail, petitioner's argument had merit. The court erred in refusing to compensate petitioner's counsel for pursuing petitioner's shackling claim.

Petitioner's third assignment of error does not require discussion.

Award of attorney fees to defendant vacated; denial of compensation to counsel for pursuing petition vacated and remanded for further proceedings; otherwise affirmed.