Jerry Wallace DAVIS, Petitioner—Appellant,

v.

Joan PALMATEER, Respondent—Appellee.

No. 00–35844.

D.C. No. CV–98–01635–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 30, 2001.

---

Before HUG, T.G. NELSON and GOULD, Circuit Judges.

## MEMORANDUM *

Jerry W. Davis, prisoner of the State of Oregon, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Under 28 U.S.C. § 2254(d), a federal court may not grant a petition for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court (such as Davis's ineffective assistance of counsel claim) unless the state court's decision (1) was contrary to clearly established Federal law, as determined by the Supreme Court; (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court; or (3) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The district court found that the state court's decision on Davis's ineffective assistance of counsel claim did not fall into any of these categories, and thus held that it could not grant Davis habeas relief.[1]  Ac-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court's opinion only expressly mentioned the first and second categories.

However, as the court's opinion included a discussion of the state court's factual determinations (particularly the finding that there was "overwhelming evidence" of guilt), it is fair to say that the district court considered

cording to Davis, this was error, as the state court's decision fell into all three categories. In Davis's view, as each test was met, the district court was authorized to grant habeas relief, and its decision to deny Davis's habeas petition should be reversed. We disagree.

## I. Contrary to Clearly Established Federal Law

A state court's decision on an ineffective assistance claim is contrary to clearly established federal law if it fails to apply the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, ineffective assistance claims are judged by a two prong test under which a petitioner must show (1) that his counsel's performance was deficient, and (2) that this deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052. In this case, the state court essentially applied this test, finding that Davis's counsel rendered deficient performance, but that this deficient performance did not harm the defense, given the "overwhelming evidence" of Davis's guilt. *See Davis v. Armenakis*, 151 Or.App. 66, 948 P.2d 327, 329–31 (Or. Ct.App.1997). Because the state court generally applied the correct legal standard, it cannot be said that the state court's decision was contrary to clearly established federal law. As such, we affirm the district court's decision to deny Davis relief under the first test in § 2254(d).

## II. Unreasonable Application of Federal Law

In addition to arguing that the state court's decision was contrary to federal law, Davis implicitly claims that the

the state court's decision in light of the third

state court's decision unreasonably applied federal law by finding "no prejudice" on the facts of his case. According to Davis, the crimes he was charged with were crimes of violence. As such, his counsel's failure to object to shackling must have prejudiced the defense, because the shackles suggested the violent propensities that were central to his case. *See Rhoden v. Rowland*, 172 F.3d 633, 637 (9th Cir.1999); *Lemons v. Skidmore*, 985 F.2d 354, 359 (7th Cir.1993). Because the shackles were inherently prejudicial, Davis contends that the state court misapplied federal law, as the only reasonable conclusion from the facts was that Davis suffered prejudice from his counsel's deficient performance.

A consideration of all the facts in this case renders Davis's argument unpersuasive. While the nature of Davis's crimes no doubt made the shackling, and the failure to object to it, potentially more prejudicial, the state court also had before it a factual finding that there was overwhelming evidence of Davis's guilt, as well as a finding that no juror was likely to have been aware of Davis's shackling during the trial. In light of these facts, we conclude that the state court's holding of "no prejudice" did not involve an unreasonable application of federal law.

## III. Unreasonable Determination of the Facts

For his final argument, Davis claims that the state court's decision was based on an unreasonable determination of the facts. Specifically, Davis contends that the state court supported its holding of "no prejudice" by erroneously finding that there was overwhelming evidence of Davis's guilt to sustain the trial verdict.

category under § 2254(d).

We reject Davis's claim. Thus far, three courts have held that there was "overwhelming evidence" of Davis's guilt. A review of the record supports these three courts. Though Ms. Garron's testimony is not without its weaknesses, the record reflects that she had ample time to view Davis during the course of the robbery, and she testified at trial that she was 98 percent certain that Davis was the man who robbed her home. In addition, Davis was in possession of Ms. Garron's stolen property at the time of his arrest, and had no credible alibi for his whereabouts at the time of the crime. Given the foregoing, the state court's finding that there was overwhelming evidence of Davis's guilt was not unreasonable. As such, it cannot be said that the state court's decision was based on an unreasonable factual determination.

### III. Conclusion

Because Davis failed to show that the state court's decision fell into any of the categories of cases reviewable under § 2254(d), the district court was correct to deny Davis's request for habeas relief. Therefore, the decision of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.