Argued and submitted December 11, 2001, affirmed January 23, 2002

## DUWANE ROY BARKER,
*Appellant,*

*v.*

## George H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

CV98-0672; A112896

38 P3d 962

Jay Edwards argued the cause and filed the brief for appellant.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Petitioner appeals from the denial of post-conviction relief from his convictions for rape, sodomy, and sexual abuse of a juvenile. We affirm.

The state acknowledges, and we agree, that petitioner's criminal defense counsel breached the standard of constitutionally adequate representation by failing to object to—and, indeed, by agreeing to—petitioner being handcuffed in the jury's presence without any demonstration of need for the restraints. *See Davis v. Armenakis*, 151 Or App 66, 69-70, 948 P2d 327 (1997), *rev den* 327 Or 83 (1998). *See also Guinn v. Cupp*, 304 Or 488, 498, 747 P2d 984 (1987) (post-conviction petitioner can "make a *prima facie* case simply by showing that he or she was shackled during the trial and that no record was made in the trial court to support the decision to shackle"); *State v. Kessler*, 57 Or App 469, 645 P2d 1070 (1982) (addressing shackling issue raised on direct appeal). However, we further determine, as did the post-conviction trial court, that petitioner was not prejudiced by counsel's default, in that the presence of handcuffs was "harmless beyond a reasonable doubt." *See Davis*, 151 Or App at 72 (incorporating constitutional harmless error standard into prejudice inquiry in post-conviction relief proceeding arising from counsel's failure to object to shackling). In particular, we conclude, based on our review of the record, that the evidence of petitioner's guilt was overwhelming, rendering counsel's default nonprejudicial. *See, e.g., id.*; *State v. Schroeder*, 62 Or App 331, 661 P2d 111, *rev den* 295 Or 161 (1983) (addressing, on direct appeal, prejudice from shackling).

Affirmed.