Argued and submitted July 30, reversed and remanded with instructions
October 1, 2003

Marzieh GERANGHADR,
*Appellant,*

*v.*

Abdolreza ENTAGH,
*Respondent.*

C012660 CV; A117857

77 P3d 323

Alan M. Spinrad argued the cause for appellant. With him on the briefs was Samuels Yoelin Kantor Seymour & Spinrad, LLP.

Farsheed Shomloo argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Kistler, Judge pro tempore.

KISTLER, J. pro tempore.

## KISTLER, J. pro tempore

The trial court set aside a judgment based on an Iranian arbitration award. The court reasoned, among other things, that a judgment cannot be based on a noncommercial, out-of-state arbitration award. On appeal, plaintiff argues that the court erred in setting aside the judgment for reasons that are not specified in ORCP 71. We reverse and remand with instructions to reinstate the judgment.

Plaintiff lives in Iran. Defendant, who is plaintiff's brother, lives in Oregon. In 1990, plaintiff gave defendant approximately $350,000 to invest. Defendant invested plaintiff's money in the stock market and lost much of it. Defendant initially told plaintiff that he had put her money in a bank, which went bankrupt. After that, defendant agreed to reimburse plaintiff for some of her losses. Later, an attorney contacted defendant about the remaining losses, and defendant agreed to go to Iran to meet with plaintiff. When defendant met with plaintiff in Iran, plaintiff told him that she had not authorized him to invest her money in the stock market and that he still owed her for the unpaid losses. Defendant and plaintiff signed an agreement to permit a relative to arbitrate the matter in Iran, and the relative issued an arbitration award or opinion (the parties disagree about the proper translation)[1] requiring defendant to pay an additional $220,000 over a 12-year period.

Defendant made no payments under the arbitration award. Plaintiff filed the arbitration agreement and the award, along with translations of both documents, in Washington County Circuit Court. *See* ORS 36.350(1) (requiring arbitration award to be submitted to circuit court for entry of judgment on the award). Defendant was personally served on October 13, 2001. Defendant did not except to the filing, and a money judgment was entered on November 23, 2001. *See* ORS 36.350(1) (providing that, if no exceptions

---

[1] According to defendant, arbitration awards have a different legal effect under Iranian law than arbitration opinions. As explained below, the question whether the document was titled an arbitration award rather than an arbitration opinion does not affect our decision in this case. For ease of reference, however, we refer to the document as an arbitration award without intending to express any opinion on the issue.

are filed within 20 days after service, "judgment shall be entered [on the arbitration award] as upon the verdict of a jury"). Several writs of garnishment were issued, one on defendant's employer on December 11, 2001.

On December 13, 2001, defendant filed a motion to set the arbitration award aside. Six days later, he filed a motion for relief from judgment pursuant to ORCP 71. In his motion to set aside the arbitration award, defendant argued that the award should be set aside because he was incapacitated when he signed the documents,[2] because the award was not valid under Iranian law, and because the English translation filed with the trial court was incorrect. In his motion for relief from judgment, defendant asserted that the judgment should be set aside because it was void, ORCP 71 B(1)(d), and that there had been fraud, misrepresentation, or misconduct on plaintiff's part, ORCP 71 B(1)(c). In response, plaintiff argued that defendant's challenges to the arbitration award were untimely and that, at most, he could seek to set the judgment aside under ORCP 71.

After considering the parties' arguments, the trial court set the judgment aside. The court explained that the process for obtaining an arbitration award in Iran was not clear and that it was concerned that the process in Iran might lack procedural protections that exist in Oregon. The court also observed that, "even if the proceeding in Iran could be considered an arbitration, there is no statutory basis * * * that allows plaintiff to obtain a judgment in Oregon based on an arbitration in Iran[.]" Based on those considerations, the court ruled that the judgment should be set aside.

This case presents two related but separate questions. The first is whether the judgment should be set aside under ORCP 71. Second, if it should, the remaining question is whether the arbitration award is unenforceable for one of the reasons listed in ORS 36.355. Most of defendant's arguments focus on the latter question. We cannot reach that

---

[2] Defendant signed both the arbitration agreement and the arbitration award. In his affidavit, he stated that he signed the documents only after plaintiff's attorney threatened to report him to Iranian officials for embezzlement. He also stated that he was suffering from jet-lag and emotionally exhausted when he signed the documents.

question, however, unless there is some basis for first setting the judgment aside. *Beckwith v. Frazey*, 86 Or App 236, 238, 738 P2d 1003, *rev den*, 304 Or 279 (1987). Put another way, if defendant wished to argue that the arbitration award was not enforceable, it was incumbent on him under ORS 36.355 to file a timely exception when plaintiff filed the arbitration award with the court. Defendant did not do so, and a judgment was entered against him based on plaintiff's filing. In this posture, defendant must first get the judgment set aside under ORCP 71 before he can assert the merits of his underlying claim that the arbitration award is not enforceable under ORS 36.355.

◼    Before the trial court, defendant argued that the judgment should be set aside under ORCP 71 B(1)(c) and (d). We begin with ORCP 71 B(1)(c), which authorizes a court to set aside a judgment for "fraud, misrepresentation, or other misconduct of an adverse party." On that point, defendant argues that the translation of the arbitration award that plaintiff filed with the court used the phrase "arbitration judgment" or "arbitration award" when it should have said "arbitration opinion"—a distinction that, defendant contends, makes a substantial difference under Iranian law.

◼    The difficulty with defendant's argument is that, even if plaintiff fraudulently filed an incorrect translation with the trial court, intrinsic fraud is not sufficient to set aside a judgment; only extrinsic fraud will suffice. *Johnson v. Johnson*, 302 Or 382, 389, 730 P2d 1221 (1986). We explained the difference between extrinsic and intrinsic fraud in *Wimber v. Timpe*, 109 Or App 139, 146, 818 P2d 954 (1991):

"Extrinsic fraud consists of acts not involved in the fact finder's consideration of the merits of the case. *Johnson v. Johnson, supra*, 302 Or at 384, 730 P2d 1221. Relief is granted because the unsuccessful party has been prevented by the fraud from fully trying the case. As a result, there never has been a real contest of the subject matter of the litigation before the court. In contrast, intrinsic fraud consists of acts that pertain to the merits of the case, such as perjured testimony. Intrinsic fraud will not provide a basis for relief from a judgment, because the litigant had the opportunity to refute the representations. When that opportunity is not used, the litigant is denied relief because of a policy

that there must be finality in litigation. *O.-W.R. & N. Co. v. Reid*, 155 Or 602, 609, 65 P2d 664 (1937)."

Here, fraudulently filing an incorrect translation (if that occurred) is no different from giving perjured testimony. Defendant could have corrected the perceived error by filing an exception before judgment was entered. It follows that plaintiff's action, even if fraudulent, constituted only intrinsic fraud and provides no basis for setting aside the judgment under either ORCP 71 B(1)(c) or 71 C. *Johnson*, 302 Or at 394.

Defendant also argued below that the judgment should be set aside under ORCP 71 B(1)(d), which permits a court to set aside a void judgment. On appeal, defendant focuses on three issues. He argues primarily that the Oregon statutes do not permit a party to obtain a judgment based on a foreign, noncommercial arbitration award. Alternatively, he argues that the President has issued executive orders that ban making any payments or transferring any funds to persons in Iran. Finally, he contends that entering a judgment based on this arbitration award violates public policy.[3] We discuss each of those arguments in turn.

As noted, ORCP 71 B(1)(d) authorizes a court to set aside void judgments. The fact that a court acts in violation of a statute does not mean that the resulting judgment is void. *See Ketcham v. Selles*, 304 Or 529, 534-35, 748 P2d 67 (1988). As the court explained in *Ketcham*, the authority to set aside void judgments is limited to instances in which the court lacked jurisdiction. The *Ketcham* court reasoned:

> " 'Once the judgment has been entered and the time for appeal has expired, the defaulting party has no recourse unless the trial court lacked jurisdiction [over the parties and the subject matter] to enter judgment'; other defenses are lost."

---

[3] Before the trial court, defendant advanced slightly different arguments in support of his motion to set the judgment aside. He argued that the judgment should be set aside as void because the arbitration award was invalid. Specifically, he contended that the document that purported to be an award was not one because the parties had already compromised their disputes. He also argued that the award was not valid under Iranian law. As explained below, even if the award was not valid, it does not follow that the judgment may be set aside as void. *See Ketcham v. Selles*, 304 Or 529, 534-35, 748 P2d 67 (1988).

*Id.* at 535 (quoting *Rajneesh Foundation v. McGreer*, 303 Or 139, 144 n 3, 734 P2d 871 (1987) (bracketed material in *Ketcham*)). Here, defendant identifies no persuasive basis for saying that the trial court lacked either subject matter jurisdiction or personal jurisdiction. Rather, he relies solely on a perceived violation of ORS chapter 36, which addresses arbitration awards generally and commercial arbitration awards specifically.

ORS 36.305 provides that agreements to arbitrate disputes "shall, provided the arbitration is held within the State of Oregon, be valid, irrevocable and enforceable," and ORS 36.350 sets out a procedure for reducing arbitration awards to judgments. ORS 36.522(1) provides that a commercial arbitration award, regardless of the country in which it was made, shall be recognized as binding and enforceable. It also sets out a procedure for obtaining a judgment based on a commercial arbitration award. *See* ORS 36.522(2)-(3).

Defendant notes that this case involves a noncommercial arbitration award and that the arbitration was held outside of Oregon. It follows, he reasons, that ORS 36.522 does not apply and that ORS 36.305 does not authorize a court to enter judgment on the award. Plaintiff does not contend in response that the award is a commercial award under ORS 36.522. Rather, she argues that defendant reads ORS 36.305 too broadly. According to plaintiff, ORS 36.305 governs which arbitration agreements shall be enforceable;[4] it does not limit a trial court's authority under ORS 36.350 to enter a judgment based on an out-of-state, noncommercial arbitration award.

We need not decide whether plaintiff or defendant has the better of that statutory argument. Even if defendant is correct, the trial court did not lack either subject matter jurisdiction or personal jurisdiction over defendant. Rather, at worst, it entered a judgment on a noncommercial, out-of-state arbitration award in violation of ORS 36.305. It follows

---

[4] Neither party addresses whether the Federal Arbitration Act preempts the portion of ORS 36.305 that makes arbitration agreements enforceable only if the arbitration is conducted in Oregon, *see* 9 USC § 2 (2000), and we express no opinion on that question.

that, under *Ketchum*, the judgment was not void and may not be set aside under ORCP 71 B(1)(d).

■        Defendant advances a third argument. He contends that Executive Order 12170, which was issued by President Carter and is still in force, prohibits making any payment or transferring funds to any person in Iran. *See* Exec Order No. 12170, 3 CFR § 457 (1979). Plaintiff acknowledges that Executive Order 12170 is still in force but contends that that order is more limited than defendant perceives. As plaintiff notes, Executive Order 12170 "block[s] all property and interests in property of the Government of Iran, its instrumentalities and controlled entities and the Central Bank of Iran." *Id.* It does not prevent making payments or transferring funds to persons in Iran. *See id.* Plaintiff observes that another executive order, Executive Order 12211, prohibited "[m]ak[ing] any payment, transfer of credit or other transfer of funds" to persons in Iran, *see* Exec Order No. 12211, 3 CFR § 253 (1981). As plaintiff also notes, however, Executive Order 12211 was revoked in 1981. *See* Exec Order No. 12282, 46 Fed Reg 7925 (Jan 23, 1981). It follows that the premise of defendant's third argument fails. Beyond that, even if Executive Order 12211 were still in force, at most that order would limit plaintiff's ability to enforce the judgment. It would not provide any basis for saying that the judgment itself was void. Defendant's third argument does not advance his contention that the judgment should be set aside under ORCP 71 B(1)(d).[5]

■        Finally, defendant makes two related arguments. He contends that, because the award was obtained by fraud and duress, it violates public policy to enter a judgment based on the award. Defendant also notes that the trial court was concerned about the possible lack of process in Iran. For both those reasons, defendant contends that the Oregon courts should not give effect to the Iranian arbitration award.

---

[5] In a related vein, defendant argues that "Iranian law requires the parties who have a foreign arbitration award, and want it enforced in Iran to litigate the matter anew before the Iranian courts according to the Iranian law." Defendant contends that principles of comity require Oregon courts to follow the same course when plaintiff seeks to enforce an Iranian arbitration award in Oregon. Whatever the merits of defendant's argument, and we express no opinion on that issue, it is a defense to the enforcement of the Iranian arbitration award, not a basis for saying a judgment based on that award is void.

Defendant's final argument suffers from the same problem that his second and third arguments do. Had those arguments been timely raised, they might have provided a basis for holding that the arbitration award was not enforceable. They do not, however, provide any basis for saying that, under ORCP 71 B(1)(d), the judgment that the court entered on the award is void for lack of jurisdiction. *See Ketcham*, 304 Or at 535. Having considered all the parties' arguments, we conclude that the trial court erred in setting aside the judgment. We accordingly reverse and remand with instructions to reinstate the judgment.

Reversed and remanded with instructions to reinstate judgment.