No. 919  December 18, 2024  917

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Mark OLLA,
*Plaintiff-Appellant,*
*v.*

Gary Lane JONES,
aka Lane Jones,
*Defendant-Respondent.*

Jackson County Circuit Court
20CV20180; A182467

David J. Orr, Judge.

Argued and submitted on November 18, 2024.

Mark Olla argued the cause and flied the brief *pro se*.

Gary Lane Jones waived appearance *pro se*.

Before Hellman, Presiding Judge, Lagesen, Chief Judge,
and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff, appearing *pro se*, appeals the denial of his ORCP 71 B motion. We understand plaintiff to raise one assignment of error. We affirm.

> "Conclusions that a trial court reaches under ORCP 71 B as to whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief, are legal rulings that an appellate court reviews for errors of law. If, in the course of reaching such a conclusion, a trial court makes express or implied findings on issues of disputed fact, an appellate court will accept those findings if they are supported by evidence in the record."

*Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017). Further, "[o]n review of an order denying a motion to set aside a judgment, we set out the undisputed facts in the light most favorable to the moving party. However, we accept the trial court's findings of disputed fact, if there is evidence to support those findings." *Id.* at 769 (citation omitted).

In 2015, plaintiff and defendant made a verbal agreement for plaintiff to purchase a car from defendant. After a dispute arose about that agreement, defendant repossessed the car. That dispute led plaintiff to file a complaint against defendant in 2020 for breach of contract and other claims. Following a bench trial in 2022, the trial court entered a general judgment of dismissal and a supplemental judgment awarding costs to defendant.

In July 2023, plaintiff filed a motion under ORCP 71 B(1)(c) and (d), challenging both judgments. That rule provides, in relevant part:

> "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void[.]"

Plaintiff contended that the general judgment had been the result of defendant's "misrepresentation," that it was void, and that it was "entered in violation of [plaintiff's]

due process right to a full and fair trial *** which is a product of judicial bias." Plaintiff further argued:

> "I suggest that [defendant] engaged in intrinsic fraud upon the Court by saying that I voluntarily relinquished the vehicle when we have official police record of the fact that I did not.

> "And then finally, the element of bias, there has to be at least the appearance of fairness in a case. And [the trial court] indicated at a motion prior to the trial that he was sick of the case and would lead one to believe a presumption of bias going into the case. And during the trial, he was supposed to consider all of the evidence and the evidence on which what he ruled specifically is contradicted by official—supposed to consider all of the evidence submitted and accepted at trial.

> "And that's what happened. That's why he did not rule at trial. He was supposed to consider all the evidence submitted and he did not. The key dispositive proof of the fact that I did not relinquish the vehicle."

The trial court denied plaintiff's motion. The court explained that plaintiff's motion raised trial court errors and that "a motion to set aside a judgment is not the correct vehicle to address trial court errors." Plaintiff challenges the denial of his motion in this appeal.

Our decision in *Geranghadr v. Entagh*, 189 Or App 567, 77 P3d 323 (2003), *rev den*, 336 Or 509 (2004), resolves plaintiff's arguments here. In that case, the appellant also "argued that the judgment should be set aside under ORCP 71 B(1)(c) and (d)." *Id.* at 571. We concluded that there was "no basis for setting aside the judgment" "because the litigant had the opportunity to refute the representations. When that opportunity is not used, the litigant is denied relief because of a policy that there must be finality in litigation." *Id.* at 571-72 (internal quotation marks omitted). Additionally, we explained that, under ORCP 71 B(1)(d), a court's "authority to set aside void judgments is limited to instances in which the court lacked jurisdiction." *Id.* at 572.

We have also explained that a party cannot rely on a trial court's isolated comment—without more—to establish judicial bias. *See State v. Garza*, 125 Or App 385, 389,

865 P2d 463 (1993), *rev den*, 319 Or 81 (1994) (explaining that "[c]ircumstances may dictate the need for the court to deliver its message with strong, plain talk" and that, after "carefully listen[ing] to the audio transcript of these proceedings," "there [was] no indication that the judge's rulings during the course of the trial were influenced by bias or prejudice"). Nor does a trial court's evaluation of evidence and rulings on motions establish bias. *See Liteky v. United States*, 510 US 540, 555, 114 S Ct 1147, 127 L Ed 2d 474 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We have reviewed the record and considered plaintiff's briefing and oral arguments. In light of the foregoing legal standards, we conclude that plaintiff has not demonstrated that the trial court committed any error in denying his ORCP 71 B motion.

Affirmed.