IN THE OREGON TAX COURT
REGULAR DIVISION
Income Tax

| | | |
|---|---|---|
| CINDY GUA and WEEDBUCKS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **TC 5490** |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter is before the court on Defendant's Motion to Dismiss, filed on November 5, 2025. Plaintiffs responded on November 17, 2025. Defendant replied on December 1, 2025. Since Defendant's reply, Plaintiffs have filed a "Supplemental Clarification," a "Notice of Service of Discovery," and a "Surreply."

The appeal in this division was commenced by a filing that Plaintiffs deposited in the US Mail on October 14, 2025, according to the postmark on the envelope. That filing contained a cover letter to the clerk of the court, a "Petition to Vacate Void Judgment from Magistrate Division Case Nos. TC-MD 250036G & TC-MD 250037G," a copy of a decision in Magistrate Division case No. TC-MD 250036G dated June 11, 2025, and a copy of a decision in Magistrate Division case No. TC-MD 250037G dated June 11, 2025. The filing is signed by "Dan Baldwin, Authorized Representative for Appellants." The filing was accompanied by a check in the amount of one filing fee: $281. Upon receipt, the court treated the filing as a complaint and served a copy on Defendant as required by ORS 305.560(1)(b).

Defendant argues that Plaintiffs' complaint is time-barred under ORS 305.501(5)(a) and thus is subject to dismissal pursuant to Tax Court Rule (TCR) 21 A(9).[1] A party appealing a decision of the Magistrate Division to the Regular Division of the Tax Court must do so by filing a complaint "within 60 days after the date of entry of the written decision." ORS 305.501(5)(a). A complaint filed by US Mail generally is deemed filed on its postmark date. *See* ORS 305.418(2)(a). The Magistrate Division decisions enclosed with Plaintiffs' complaint were entered on June 11, 2025. The 60-day period to appeal expired on August 11, 2025. However, Plaintiffs' complaint was postmarked on October 14, 2025. Plaintiffs' complaint was therefore filed 64 days late as to each decision.

The filing deadline is statutorily mandated, and the court has no discretion to excuse noncompliance. *See Mughal v. Dept. of Rev.*, 23 OTR 509 (2019). An untimely complaint must be dismissed pursuant to TCR 21 A(9). Because no appeal was taken to this division within 60 days, the Magistrate Division decisions are final. *See* ORS 305.501(7).

Plaintiffs argue that TCR 71 B authorizes them to pursue their appeal in this division even after the 60-day period has expired. (*See* Ptfs' Nov 20, 2025, filing at 2.) That rule authorizes the court to relieve a party from a "judgment" for specified reasons, including that "the judgment is void."[2] TCR 71 B(1)(d). Plaintiffs invoke that reason, arguing among other things that the Magistrate Division lacked jurisdiction.

The court rejects Plaintiffs' argument under TCR 71 B. A court's authority to set aside void judgments is limited to instances in which the court lacked jurisdiction. *See Geranghadr v. Entagh*, 189 Or App 567, 572, 77 P3d 323 (2003), *rev den*, 336 Or 509 (2004). Plaintiffs appear

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

[2] The magistrate entered judgment in each case on August 27, 2025, stating that no appeal had been taken within 60 days after the entry of the decision on June 11, 2025.

to allege that defects in Defendant's service of its answer on Plaintiff before the magistrate caused the Magistrate Division to lack jurisdiction. (*See* Ptfs' Nov 20, 2025, filing at 3.) The court rejects this argument because Plaintiffs were the plaintiffs in the Magistrate Division and thus *invoked* the court's jurisdiction when they filed their lawsuit; no defect in another party's service of the answer could have terminated jurisdiction.

Plaintiffs allege that various other problems occurred before the magistrate. The legislature has provided a remedy for parties dissatisfied with Magistrate Division proceedings: a trial *de novo* on the merits in this division. That remedy is available, however, only for a party who timely appeals. Plaintiffs did not.[3] Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted, and that Plaintiffs' complaint is dismissed. Counsel for Defendant is directed to submit an appropriate form of judgment of dismissal.

Dated this 4th day of December, 2025.

12/4/2025 3:26:35 PM

Judge Robert T. Manicke

---

[3] The court observes that Plaintiffs' filing appears to be deficient in at least two additional respects: First, a separate complaint and filing fee are required in this division for each Magistrate Division decision being appealed. *See* ORS 305.501(5)(a) ("Any party dissatisfied with *a* written decision of a magistrate may appeal *the decision* by filing *a* complaint in the regular division") (emphasis added). Second, the signatory of the filing in this case is not an individual taxpayer named as a party in the filing, nor does he appear to be an Oregon attorney, based on a search of the Oregon State Bar's member database. *See* TCR 1 F(1) ("Pursuant to ORS 9.320, the parties to any proceeding in the Regular Division must either appear in person or be represented by an active member of the Oregon State Bar."). The court's determination that the filing is untimely makes it unnecessary to resolve these additional issues.